## L. M. Murrie, Appellant, v. Mamie Carter et al., Appellees.

1. FRAUDULENT CONVEYANCES—*when bill improperly set aside for want of equity*. In a suit under a creditor's bill to set aside a voluntary conveyance and to subject the property to the payment of a debt which the grantor owed when the conveyance was made, it was error to dismiss the bill for want of equity where, under any view of the evidence, the grantor was heavily indebted when the conveyance was made and soon thereafter became, and at the time of his death was, actually insolvent.

2. FRAUDULENT CONVEYANCES—*burden of showing grantor's solvency*. Where a voluntary conveyance is made, the burden of

proof is on the grantee to show that the grantor retained ample property to pay his debts, and the proof must be clear and satisfactory.

3. FRAUDULENT CONVEYANCES—*effect of actual insufficiency of retained assets apparently sufficient.* A voluntary conveyance is fraudulent as to existing creditors though the grantor retains property apparently sufficient to satisfy his indebtedness if it results that in fact it is not.

Appeal from the Circuit Court of Massac county; the Hon. D. T. HARTWELL, Judge, presiding. Heard in this court at the March term, 1921. Reversed and remanded with directions. Opinion filed November 10, 1921.

H. A. EVANS, for appellant.

FRED R. YOUNG, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant filed a creditor's bill against appellees to set aside two deeds executed May 9, 1917, by William Sommer and his wife, one to Mamie Carter, his daughter, and the other to her and her husband, J. W. Carter, in so far as it may be necessary to subject the premises conveyed to the payment of the sum of $1,395.94, which was owing by the said William Sommer to appellant at the time said deeds were executed.

The court below dismissed the bill for want of equity. On the hearing it appeared from the evidence that Mr. Sommer simply held the title to the west two-thirds of Lots 7, 8 and 9, Block 61 in Metropolis, Illinois, to secure him against loss by reason of his being a surety for J. W. Carter, and that the deed executed by the grantor to said Carter and his wife on May 9, 1917, for said premises was intended to reinvest them with the title thereto. Appellant now concedes that he is not entitled to have the deed to said last-mentioned premises set aside.

The other deed conveyed to Mamie Carter a part of

the N. E. ¼, Section 2, Town 16 S., Range 4 E. in Massac County, Illinois, and more particularly described in the bill, together with Lot No. 187, Block 20 in the City of Metropolis in said county. This conveyance was purely voluntary, it being admitted that the grantee paid no consideration for the premises. The deed reserved the income from the property until the death of Mr. Sommer and at his request was not recorded until after his death. He died on or about February 15, 1918, and the deed was filed for record 3 days later.

All of appellant's claim was due and owing from Mr. Sommer at the time the deed was executed and was later filed against his estate and duly allowed by the county court. The important question to be determined is whether the financial condition of Mr. Sommer was such as to justify the making of the gift to his daughter of the premises in question.

Counsel for appellees concedes that the father, after making the deed to his daughter, did not retain property of a greater value than $6,800. He also concedes that the father was indebted to the extent of $4,900 and contends that it thus appears that he retained an excess of about $2,000 over and above his liabilities. His contention in this regard is based upon the theory that the debts represented by the $1,000 mortgage on the farm and the $700 mortgage on the Davis property are included in the $4,900, but that is an erroneous assumption as the $4,900 only represented the claims allowed by the probate court and does not include the mortgages.

In addition to the $4,900 allowed by the probate court the Citizens' State Bank has a claim on two notes amounting to $333.17 which has not been allowed, but to the allowance of which there appears to be no valid objection. It will be seen, therefore, that the total indebtedness, including the mortgages, amounted to at least $6,933.17, or $133.17 more than

the value of the property retained even on the basis of values claimed by counsel for appellees. The evidence offered by appellant is to the effect that the property retained was not worth more than $5,700, thus showing that Mr. Sommer was actually insolvent to the extent of $1,233.17 when he made the gift to his daughter. But in any view of the evidence he was heavily indebted with mortgages on his farm and the Davis property and soon thereafter became and at the time of his death was actually insolvent.

In *Kennard v. Curran,* 239 Ill. 122, at page 128, the court said: "Actual insolvency is not necessary in order to render a voluntary conveyance void. If a person largely indebted makes a voluntary conveyance and shortly after becomes insolvent, such conveyance will be held fraudulent. (*Hauk v. Van Ingen,* 196 Ill. 20.) There may be expressions in certain decisions which lend countenance to the idea that a voluntary conveyance will not be invalid for fraud, if made when there is property remaining, the value of which at the time amounted to all the indebtedness, but the settled rule now is that if a person is largely indebted and makes a voluntary conveyance and shortly after becomes insolvent, it is proper to set aside the conveyance as fraudulent."

Where a voluntary conveyance is made the burden of proof is on the grantee to show that the grantor retained ample property to pay his debts and the proof must be clear and satisfactory. *Dunphy v. Gorman,* 29 Ill. App. 132-135; Bump on Fraud. Conv. 276-285.

A voluntary conveyance is fraudulent as to existing creditors even though the grantor retains property apparently sufficient in value to satisfy all of his indebtedness when it results that the property retained is not, in fact, sufficient to discharge all of his liabilities. *Marmon v. Harwood,* 124 Ill. 104; *Patterson v. McKinney,* 97 Ill. 41.

A man conveyed $15,000 worth of real estate to his daughter as a gift and retained property estimated as worth $60,000 or $70,000 over and above the mortgages on it. The mortgages were afterwards foreclosed and there was not enough realized to pay his debts and the conveyance to the daughter was held fraudulent and void. *Lionberger v. Baker,* 88 Mo. 447.

Where a debtor retained real estate which according to the evidence was largely in excess of his debts, but the property depreciated in value and was taken by the incumbrances, it was held that the conveyance was fraudulent, and that the debtor should have anticipated the probable depreciation. *Elwell v. Walker,* 52 Iowa 256; *Dillman v. Nadelhoffer,* 162 Ill. 625.

It will be seen, therefore, that in any view of the case the decree of the circuit court is contrary to the law and the evidence. Appellant is entitled to a decree subjecting the premises conveyed to Mamie Carter by her father, other than the west two-thirds of Lots 7, 8 and 9, Block 61, in the City of Metropolis, Illinois, to the payment of the balance of his debt against the father and to that extent the deed should be set aside. The decree is reversed and the cause remanded to the circuit court with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded with directions.*