Edward Connors and P. J. Fleming, Appellants, v. Clyde H. Yocom et al., Appellees.

Gen. No. 8,710.

Opinion filed October 13, 1933.

CHAPMAN & DU HADWAY, SUMNER & REARDON and H. W. CROSS, for appellants.

F. A. WHITESIDE and GILLESPIE, BURKE & GILLESPIE, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

This was a proceeding in equity filed to the September term, 1929, of the circuit court of Jersey county, by appellants against the appellees, as the administratrix of the estate, the widow and children of George W. C. Yocom, deceased, to set aside certain conveyances alleged to have been made with the intent to defraud creditors. Answers were filed by defendants and on a hearing the circuit court held that the complainants had failed to establish the material allegations of their bill of complaint and entered a decree

dismissing the bill for want of equity, from which decree appellants have prosecuted this appeal.

On July 10, 1920, Lytle Daniels and wife executed a note for $11,300 to the State Bank of Jerseyville, secured by a first mortgage on a 160-acre farm in Jersey county, and then the bank assigned the note and mortgage to appellants. On October 15, 1920, Lytle Daniels and wife conveyed the mortgaged premises to George W. C. Yocom subject to the mortgage indebtedness which Yocom assumed and agreed to pay. Yocom entered into possession and remained there until his death on February 2, 1927. During his lifetime he paid off $1,300 on the note, leaving a balance of $10,000 due on the principal indebtedness at the time of his death. He died intestate leaving his widow, Laura A. Yocom, and his three children, Clyde H. Yocom, Claude M. Yocom and Jessie Maude Chappell as heirs. During his lifetime Yocom owned other farm lands in Jersey and Sangamon counties, and on June 16, 1926, he and his wife conveyed all these other lands to his two sons and his daughter for the expressed consideration of love and affection and one dollar. The inventory in the estate of Yocom shows a small amount of personal property in addition to the 160 acres on which the appellants held the mortgage, and the bill of complaint alleges that Yocom was insolvent on June 16, 1926, at the time the conveyances to the children were made.

A bill to foreclose the Lytle Daniels mortgage was filed to the September term, 1927, of the circuit court and decree of foreclosure was entered December 10, 1927, a portion of the interest due on August 1, 1926, and one year's interest due on August 1, 1927, being in default. The mortgage, having been given in June, 1921, was foreclosed under the Act of 1917, so that the sale came after the redemption period in 1929. Complainants bought the land in at the sale for the sum of $4,900 and on May 3, 1929, secured a deficiency decree

for the sum of $7,533.60 against Lytle Daniels and Anna Daniels, personally, and against the estate of George W. C. Yocom, deceased, to be paid in due course of administration.

The bill in this case required answers under oath and each of the appellees in their answer attempts to set up good and valuable consideration for the conveyances to them by way of assumption of mortgage indebtedness on the lands conveyed to them and for services rendered Yocom in the home and on the farm after arriving at full legal age.

Appellants contend that the 160-acre farm retained by Yocom on June 16, 1926, when he parceled out his property to his children was not worth $10,000; that the conveyances were made with intent to defeat complainants in the collection of a certain deficiency; that whether the conveyances were made with fraudulent intent or not, they were voluntary, without consideration, and left Yocom insufficient property to pay his debts and that therefore the effect was a fraud on complainants.

There is nothing in the record to prove that the conveyances were made with actual intent to defraud creditors. On August 13, 1919, appellants purchased this 160-acre farm for $19,000. On July 10, 1920, they traded the farm to Lytle Daniels for $16,300, taking in payment a purchase money mortgage for $11,300 and a 40-acre tract of land. On October 15, 1920, Daniels sold the land to Yocom for a consideration named in the deed of $25,600, subject to the mortgage of $11,300 which Yocom assumed and agreed to pay. He paid $1,300 off on principal and at the time of the conveyances to the children had paid all interest on the indebtedness as it fell due. There is no fact proven which shows or tends to show any actual fraud. "Relationship is merely a circumstance that may excite suspicion but will not of itself amount to proof of fraud." *Ayers Nat. Bank v. Barber*, 287 Ill. 182.

The important question to be determined is whether the financial condition of Yocom was such as to justify the making of the conveyances to his children of the premises in question. It is conceded that Yocom, after making the deeds to the children, retained property of small value. Counsel for appellants contend that it was not of sufficient value to pay the funeral·expenses of the decedent Yocom, but the sworn answer of the widow states that such claims have been fully paid. It is clear therefore that Yocom was not indebted otherwise than on the real estate mortgage. The oral testimony was confined to proof on the value of the 160-acre farm on June 16, 1926. Ten witnesses for appellants placed the value at from $25 to $50 per acre with an average valuation of about $6,000. Six witnesses for appellees fixed the value at from $50 to $75 per acre with an average valuation of about $10,500 for the farm.

Appellants seek to apply the principal of law that a voluntary conveyance is fraudulent as to existing creditors though the grantor retains property apparently sufficient to satisfy his indebtedness if it results that in fact it is not adequate. In each one of the cases supporting this principal the grantor was heavily indebted at the time the conveyance was made. In *Murrie v. Carter*, 222 Ill. App. 447, the grantor was shown to be insolvent at the time he conveyed the real estate to his daughter without consideration. In *Kennard v. Curran*, 239 Ill. 122, the husband was largely and heavily indebted at the time he conveyed the property to his wife. The same situation obtained in *Marmon v. Harwood*, 124 Ill. 104, where the parent was heavily indebted to pre-existing creditors at the time she executed a voluntary conveyance to children. In this case the deeds were given in June, 1926, and the deficiency judgment was obtained in May, 1929. Yocom was not otherwise indebted. The testimony is about

equally balanced as to the value of the land conveyed; the appellants purchased at the foreclosure sale for $4,900, leaving a deficiency of $7,533.60, which was large enough to at least challenge the motives of the appellants. Leaving out the question of whether or not there was a good and valuable consideration passing between the grantees and the parent Yocom we believe the chancellor was warranted in finding that the complainants had failed to establish by proof the material allegations of their amended bill of complaint and that the equities were with the defendants. The decree of the circuit court of Jersey county is therefore affirmed.

*Affirmed.*