**John C. Woodham, Appellant, v. Blaine L. Miller et al., Appellees.**

Opinion filed June 1, 1943.

BEN H. TOWNSEND, of Mt. Carmel, and P. C. WALTERS, of Albion, for appellant.

P. J. KOLB and WALTER F. KOLB, both of Mt. Carmel, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from the circuit court of Wabash county, by appellant, John C. Woodham (hereinafter called plaintiff), such court having dismissed the complaint of plaintiff for want of equity in this action. Plaintiff had filed a complaint as against appellees, Blaine L. Miller, Beulah Miller, Edna J. Miller and Albert J. Miller (hereinafter called defendants) in aid of execution, to set aside two deeds given by defendants, Blaine L. Miller and Beulah Miller, to their daughter, the defendant Edna J. Miller, on the ground that the same were fraudulent. One deed conveyed a forty-acre tract, and another a twenty-acre tract in Wabash county.

The facts as disclosed by the record in this cause indicate that plaintiff had filed a foreclosure suit as against the defendants, Blaine L. Miller and Beulah Miller, his wife, and procured a decree in the sum of $3,870.58 and costs of suit, which amounted to a sum

in excess of $4,000. The property foreclosed upon was sold at the master's sale for $1,750. Just a few days before the sale of the mortgaged property the defendants, Blaine L. Miller and Beulah Miller, conveyed the two tracts of land which were made the subject of this action (not the same land as was involved in the foreclosure suit) to their daughter, the defendant Edna J. Miller. (There was also a conveyance of two lots in the Village of Browns, Illinois, which were improved with a filling station and residence, to another daughter, Ida Reid, who was not a party to this action.) The real estate conveyed to Edna J. Miller, together with the property in the Village of Browns, was all of the real estate owned by the said Blaine L. Miller and Beulah Miller.

A deficiency judgment was entered in the foreclosure action as against the said Blaine L. Miller and Beulah Miller and execution was issued against them and returned "no property found" after which the instant action was filed.

It is the contention of plaintiff that the transactions clearly show a fraudulent intention on part of defendants Blaine L. Miller and Beulah Miller. The testimony of the daughter, Edna J. Miller, and Blaine L. Miller, who were called as witnesses by plaintiff, indicated that the actual consideration for the transfer of the property to Edna J. Miller was satisfaction of a debt in the sum of $1,136.66, which was loaned them by the said Edna J. Miller over a period of years, commencing in 1932 and continuing until 1938. A further consideration of $1,200 in cash was paid to Blaine L. Miller by the daughter at the time of the transfer, making a total consideration of $2,336.66, without computing interest on the money loaned. The forty-acre tract of land was subject to a homestead estate and a life estate therein by defendant Albert J. Miller, the father of Blaine L. Miller, who was 79 years old at the time of the transfers referred to, and the tracts were like-

wise burdened with an oil and gas lease. There was some evidence that the value of the land foreclosed by plaintiff was about $3,685, and that the forty-acre tract conveyed to the daughter was worth from $3,000 to $4,000, less the value of the life estate of Albert J. Miller; and that the twenty-acre tract conveyed to the daughter was valued at $1,200 to $1,500, both tracts so conveyed being subject to an oil and gas lease. At the time of the conveyance to Edna J. Miller, the said Blaine L. Miller had real estate in the Village of Browns, the value of which was not shown by the record, and also an equity of redemption which, presumably, was worth $1,935. The only indebtedness was the mortgage debt referred to. There was testimony that Blaine L. Miller's gasoline and tire business was worth about $1,000, and that he had a truck worth about $700, and household goods worth about $400, which after adding the $1,200 in cash which he received from his daughter and deducting his personal exemption of $400, and eliminating the equity in the mortgaged premises, theoretically left Blaine L. Miller worth about $2,900, an amount in excess of the amount of the deficiency judgment, without considering the value of the real estate in the Village of Browns.

Basically, the only fact established by plaintiff to prove fraud was that both Blaine L. Miller and Edna J. Miller knew that a decree of foreclosure had been rendered. There was no showing of any intentional fraud by either party, or that the conveyance was in trust for the said Blaine L. Miller.

There is some confusion demonstrated in the briefs and in the record as to the effect of calling the defendants, Blaine L. Miller and Edna J. Miller, to testify, without indicating that such witnesses were being called under section 60 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.060], as if under cross-examination. The matters referred to by the witnesses, however, were not contradicted in any manner, and thus consti-

tute the only evidence in the record on the points referred to, and in the absence of contradictory evidence or circumstances making such evidence either incredible or inapplicable, such testimony is binding, irrespective ·of whether the testimony was produced pursuant to section 60 of the Civil Practice Act, or not. By the terms of such section of the act the party calling an adverse witness has the right to contradict or impeach such witness. In absence of any contradictory evidence, or impeachment, the testimony of the witness is entitled to the same tests as applied to any other witnesses (*Crowder v. Nuttall,* 285 Ill. App. 254).

The defendants have raised a contention that the deficiency judgment as against the defendant Albert J. Miller is void, and have likewise raised an issue of variance, based on a description of the land alleged to have been fraudulently conveyed. We have already allowed a motion by plaintiff to amend such description so ·that we give no further consideration to such point. It is not necessary that we inquire further into the contended invalidity of the deficiency decree, in view of what we have to say with reference to the action of the court. Even assuming the validity of the deficiency decree, the action of the court in dismissing the complaint of plaintiff for want of equity · was clearly proper. No evidence was offered by plaintiff in any manner contradicting or impeaching the testimony of Blaine L. Miller and Edna J. Miller, who were called as witnesses in this case. The testimony stands unchallenged, and upon such basis shows the payment of $1,200 in cash and the forgiveness of a debt of $1,136.66. On the basis of the record the value of the tracts conveyed was about $5,000, not taking into consideration the burdens on them. There was no proof as to the value of the land subject to such burdens, but some contention is made that on the basis of a mortality table computation, which plaintiff asks this court to undertake, the life estate of Albert J. Miller

is stated to be worth about $820. Even accepting such conclusion, this left the value of the land conveyed at about $3,500, subject to the oil and gas lease which may have depreciated such value still further. It cannot be stated that a consideration of $2,336.66 for land of such value is so inadequate as to raise a presumption of constructive fraud.

It is pointed out by the defendants herein that the value of the land foreclosed upon, which was shown to be $3,685, was purchased by plaintiff at the foreclosure sale for $1,750, which was a considerably lower proportion of the value than presumably paid by the defendant, Edna J. Miller, for the tracts conveyed to her. It is conceded by plaintiff that while transfers made with fraudulent intent to defeat creditors may be set aside, though there was actual consideration and even though it was full and adequate, in such case it is necessary for plaintiff to show fraud in fact on part of the debtor, and participation therein on part of the grantee (*Second Nat. Bank of Robinson v. Jones,* 309 Ill. App. 358, 366), and that where an immediate member of the family is preferred as a creditor there must be clear and convincing proof of a valid existing debt which could be enforced, and the fact of family relationship is proper to be considered with other evidence to impeach the transaction. It is pointed out by plaintiff that a portion of the moneys advanced by the daughter Edna J. Miller to her father, totaling $264.80 could have been barred by the statute of limitations, but the portions so barred would not be substantial enough to change the general situation with reference to the indebtedness of the said Blaine L. Miller to Edna J. Miller.

This case apparently is framed as an action under section 4 of the Frauds and Perjuries Act [Jones Ill. Stats. Ann. 55.04] in aid of execution (*James H. Rice Co. v. McJohn,* 244 Ill. 264). An action to set aside a fraudulent conveyance such as is involved in the in-

stant case falls into two classes: (1) Where the conveyance is entered into with actual fraudulent intent on part of both parties to hinder and delay creditors— sometimes referred to as fraud in fact; and (2) Where, from the terms of the agreement or the nature of the transaction itself, the conveyance is rendered fraudulent as a conclusive presumption of law—sometimes referred to as fraud in law (*Second Nat. Bank of Robinson v. Jones, supra*).

In the first category, a conveyance may be void as against a creditor, even though a full and fair consideration was paid, and the grantor was solvent when making the conveyance, if in fact such conveyance was made for the fraudulent purpose of hindering and delaying the creditor in the collection of his debt. Under the second class of cases, however, it is essential that insolvency at the time of the making of the conveyance be alleged and proved, and the return of execution "nulla bona" does not supply such proof (*Iles v. Heidenreich*, 201 Ill. App. 619, 626, 627). In the instant case there is no proof either direct or circumstantial, of actual fraud, so that this case does not fall under the first class of cases. Nor does it fall under the second class of cases because there was an adequate consideration for the conveyance, and the evidence shows that Blaine L. Miller was not insolvent when the deeds were given. Fraud is never presumed, and the burden of proof is on one charging fraud to establish the same by clear, convincing and satisfactory evidence (*Regner v. Hoover*, 318 Ill. 169, 173), and the fact that a deed is made to a near relative does not render the deed presumptively fraudulent, but the relationship is a mere circumstance which may excite suspicion, but will not of itself amount to proof of fraud (*Garrett v. Garrett*, 343 Ill. 577, 580; *Ayers Nat. Bank of Jacksonville v. Barber*, 287 Ill. 182, 189).

It had likewise been held that a debtor may prefer one creditor over others when he acts without fraud,

even though he transfers all his property to the preferred creditor, and a mere suspicion arising out of the fact that the parties to the transaction are close relatives is not enough to set aside the conveyance in the absence of proof of fraud (*Hurt v. Ohlman*, 349 Ill. 163, 170; *Albers v. Zimmerman*, 376 Ill. 306).

In the instant case there was no proof of actual fraud, and the only circumstance relied upon by plaintiff (that the grantee was the daughter of the grantor, and that a decree of foreclosure had been entered as against the grantor, to the knowledge of the parties), was insufficient in light of the evidence in the case to require that the decision of the trial court dismissing the complaint for want of equity be reversed. The courts of this State have even indicated, under facts similar to those which we find in the instant case, that even in absence of a good and valuable consideration passing between close relatives where there had been a valuable conveyance by a parent to a child, a chancellor was warranted in finding that complainants had failed to establish by proof the material allegations of the complaint (fraud), and that the equities were with the defendant (*Connors v. Yocum*, 272 Ill. App. 269). In the instant case, however, the existence of a valuable consideration for the conveyance, together with the absence of any proof of fraud, and an absence of any showing of fraudulent understanding between Blaine L. Miller and his daughter, or any facts from which a presumption of such fraud would arise, does not justify a reversal of this cause. Plaintiff failed in the state of the record before this court, to make out a case of actual or constructive fraud. Under the state of the record we cannot conclude that the chancellor, who heard the witnesses, did not determine the issues properly. The judgment of the circuit court of Wabash county will, therefore, be affirmed.

*Judgment affirmed.*