Joe Ziegler, Executor of Estate of August Emig, Deceased, Appellee, v. David Obernuefemann et al., Appellants.

318

Opinion filed May 26, 1944.

LINDAUER & LINDAUER, of Belleville, for appellants; FRANK T. PLATTNER, of East St. Louis, for guardian *ad litem*.

JOHNSON & JOHNSON, of Belleville, and ANDREW O. NIEHOFF, of Carlyle, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree of the circuit court of St. Clair county, declaring null and void and setting aside a certain deed executed by appellants, David Obernuefemann and Ida Obernuefemann, to their four sons, Henry Obernuefemann, Earl Obernuefemann,

Bernard Obernuefemann and David Obernuefemann, Jr., three of such sons, Henry, Earl, and Bernard, having attained the age of 21 years, but the youngest son, David, being then a minor, of the age of 16 years.

A civil action in equity was instituted by plaintiff, Joe Ziegler, executor of the estate of August Emig, deceased, as a judgment creditor of defendants, David Obernuefemann and Ida Obernuefemann, his wife, to set aside the deed from said defendants to their sons, which deed conveyed a farm containing about 235 acres, in St. Clair county. The plaintiff's testate, August Emig, had worked for defendant, David Obernuefemann, on the farm in question for many years prior to the death of Emig in November of 1940, and during that time became a creditor of his employer. After plaintiff's appointment as executor, plaintiff made a demand upon defendant, David Obernuefemann, for payment of the debt, but payment was not made. The debt had existed for many years, part of it as long as 20 years. Six days after the demand, David Obernuefemann and his wife, Ida, conveyed the farm to their four sons for a recited consideration of "$1.00 actual consideration." No revenue stamps were placed upon the deed. Each of the grantees was given an undivided one fourth interest. Plaintiff thereafter recovered judgment against the defendants, David and Ida Obernuefemann, and execution was issued thereon and returned, "No property found." After institution of this action, the cause was referred to the master in chancery upon the complaint and answers in such cause, and the master found in his report that the allegations of the complaint relating to the voluntary character of the transfer were well taken and recommended that a decree be entered setting such deed aside. The only objection filed by defendants was to the effect that the findings of the master that the conveyance was unreal and that it was made to hinder and delay creditors, and that there was no considera-

tion for the transfer, are not supported by the evidence, and were contrary to law. Thereafter such objections were denied and stood as exceptions, and the exceptions were overruled by the court and a decree was entered approving the report, finding the material averments of the complaint were proven and true, and granting the relief prayed in the complaint.

The deed by which conveyance was màde to the four sons was made subject to a public easement, and two certain mortgages on the premises, and also subject to unpaid taxes, which the grantees assumed and agreed to pay.

There was testimony to the effect that three of the grantees, as they attained the age of 21 years, were induced by the father to remain on the farm and work for wages. That testimony was not clear and was somewhat inconsistent. The evidence does disclose, however, that there was no visible change in the possession of the farm after the date of the deed, but that the father and mother continued to live on the farm, and that the corn on the farm was fed to the father's stock, subsequent to the transfer, and that no difference existed in the relationship after the transfer than from the relationship which existed prior thereto. The farm machinery which the father owned continued to be used by the sons after the conveyance. It is apparent that the testimony relating to the agreement between the three sons and the father, to the effect that the taking of the deed was in cancellation of an existing indebtedness with the father, which arose out of unpaid wages, was not given complete credence by the master, or by the court below. We are presented on review of this case with the question solely as to whether or not the decree and findings are manifestly contrary to the weight of the evidence below. It was the province of the master, in the first instance, to pass upon the credibility of the witnesses and his findings are entitled to due weight upon a review of the case

(*Fisher v. Burgiel,* 382 Ill. 42, 53; *Zarembski v. Zarembski,* 382 Ill. 622, 632).

We have had occasion to consider a number of fraud cases in this court, and in such cases have outlined a distinction to be made in "fraud in fact" and "fraud in law" cases (*Woodham v. Miller,* 319 Ill. App. 388; *Second Nat. Bank of Robinson v. Jones,* 309 Ill. App. 358). We have stated therein that a debtor may prefer one creditor over others when he acts without fraud, even though he transfers all his property to the preferred creditor, leaving nothing to his other creditors to resort to, and that a mere suspicion arising out of the fact that the parties to the transaction are relatives is not enough, of itself, to set aside the conveyance in absence of proof of fraud (*Woodham v. Miller, supra*).

We have also indicated that fraud is not to be presumed, but must be established by plaintiff by convincing proof and by the greater weight of the evidence, and that the relationship of the parties is merely a circumstance which may excite suspicion, but will not alone and of itself amount to proof of fraud. We have, however, emphasized that voluntary conveyances or deeds made without consideration or for a mere nominal consideration, or not supported by a valuable consideration, are subject to being set aside by creditors and will be deemed to be fraudulent if the grantor at the time was heavily indebted (*Second Nat. Bank of Robinson v. Jones, supra; Reisch v. Bowie,* 367 Ill. 126, 132).

It has been established that where a voluntary conveyance runs from a parent to a child and results in hindering or delaying creditors it will be regarded as fraudulent in law irrespective of the honesty of the grantors motives (*Reisch v. Bowie, supra*), and that where an immediate member of a family is preferred as a creditor there must be clear and satisfactory proof of a valid and subsisting debt which will be enforced and payment exacted regardless of the fortune or mis-

fortune of the debtor (*Bartel v. Zimmerman,* 293 Ill. 154, 163). Proof of fraud may be either direct or circumstantial. Agreements of a fraudulent character are not customarily made in the open and are usually secret in nature. As a result it frequently develops that while fraud may not be shown by direct evidence, yet proof of facts and circumstances may be shown from which a jury or a master, or judge, may rightfully infer the existence of the fraud charged. If a consideration of all the circumstances justifies the conclusion that the transaction was fraudulent, a finding that fraud existed is warranted even though there be no direct evidence (*Zwick v. Catavenis,* 331 Ill. 240, 248).

The Supreme Court of this State has also determined that even in fraud in fact cases a transfer of property must not only be made upon good consideration, but it must be bona fide and if a grantee knowingly assists in effecting the fraudulent intent, even though he only has notice thereof, he will be regarded as a participator in the fraud for the law never allows one man to assist in cheating another (*Garlick v. Imgruet,* 340 Ill. 136, 144; *Second Nat. Bank of Robinson v. Jones, supra*).

In the instant case the conveyance to the son who was a minor at the time was apparently clearly voluntary in character. There was some evidence that other sons knew of the existence of the debt at the time that they took the deed from their father. In any event the facts presented to the master, and to the court below, and a consideration of all of the evidence in the case would not justify this court in finding, on review, that the decree of the court entered herein is contrary to the manifest weight of the evidence. In view of the fact that the decree is obviously not contrary to the manifest weight of the evidence, such decree will be affirmed.

*Decree affirmed.*