Roy Strom Excavating & Grading Company, Plaintiff-Appellee, *v.* National Bank of Albany Park *et al.*, Defendants.—(George Ellefson, Third Party Defendant-Appellee, and Norma Keller, Party by Citation Appellant.)

(No. 71-119;

Second District—April 4, 1972.

Finn, Geiger, & Rafferty and Charles Scott, both of Waukegan, for appellant.

John F. Grady, of Waukegan, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On June 17, 1970, judgment was entered in favor of George Ellefson and against Arthur C. Keller in the amount of $13,236. On July 24, 1970, judgment was entered in favor of Roy Strom Excavating & Grading Co., hereinafter referred to as Strom, against Keller in the amount of $8,284. Thereafter, on July 31, 1970, Norma Keller, wife of Arthur C. Keller, conveyed certain real estate to a Mr. and Mrs. J. Roy Slovenko but, out of the purchase price, the Chicago Title & Trust Co., as guarantor of title, retained $20,000. to indemnify itself against any defect in title which might arise from Ellefson's judgment against Keller. On behalf of Strom and Ellefson various citations to discover the assets of defendant Keller were issued. Several of the citations to discover assets were served on Norma Keller. On December 23, 1970, John L. Hughes, Magistrate of the Circuit Court of Lake County, entered an order which determined that Norma Keller, citation defendant, participated in a fraudulent conveyance and that the funds held by the Chicago Title & Trust Co. be distributed to Strom and Ellefson as judgment creditors of her husband, Arthur C. Keller. This appeal is from that order.

The issues presented involve the contention of Norma Keller that: 1) she was denied a trial to which she was entitled under Section 73(5) of the Civil Practice Act pertaining to discovery of a debtor's assets (Ill. Rev. Stat. 1969, ch. 110, par. 73(5); 2) the denial of a right to a trial deprived her of due process; 3) the judgment against Norma Keller improperly presumed fraud, which must be proved; 4) the filing of a *lis pendens* of another case (70 CH 236) did not constitute a judgment lien against her in this case to which she was not a party, and 5) the

Magistrate lacked jurisdiction over the garnishment action as it exceeded the statutory limit of $10,000.

We deem it necessary only to consider Norma Keller's contentions 1, 2, and 5 in order to decide this appeal. Most of the brief of the appellees in response to the contentions of the appellant is not based upon substantive law but is devoted to an alleged failure of the appellant to follow proper procedures on appeal. They contend that Norma Keller failed to supply a record from which this court can determine the merits of her appeal; that the appeal should be dismissed because the trial judge's certificate did not recite that the report of proceedings contained all the evidence; that an insufficient abstract was filed by this appellant; that she was not denied that type of hearing contemplated by a citation to discover assets; and, finally, that the magistrate had jurisdiction to hear the case.

It is essential to the disposition of this case to state the sequence of events chronologically, but as briefly as possible. Strom, a contractor, furnished certain work and materials in October of 1967 for the erection of the Country Club Apartments. On November 3, 1967, Strom filed suit against Country Club Apartments, Inc., to recover for the work and material furnished. Some ten months later, on September 12, 1968, Keller assigned the beneficial interest he had in a certain land trust covering a residence, of which the Harris Trust & Savings Bank was trustee, to his wife, Norma. Later, on November 15, 1968, Strom filed an amended complaint naming Keller, individually, as a defendant and as beneficiary of a land trust which owned the property where Strom had furnished the work and materials. The National Bank of Albany Park, Illinois, trustee under that land trust, was also sued. On November 27, 1968, Keller filed a third-party complaint against Ellefson, contending that Ellefson was a general contractor who had agreed to indemnify Keller against any claim by subcontractors such as Strom. On March 6, 1970, Ellefson filed an answer which denied the allegation of the third-party complaint and counter-claimed against Keller, claiming damages of $13,000. On June 16, 1970, while the case was in trial, Norma Keller directed the Harris Trust & Savings Bank, trustee of a land trust covering the residence, to convey that real estate to her. The next day judgment was entered in favor of Ellefson and against Keller, on Ellefson's counter-claim in the amount of $13,236. Later, on July 24, 1970, judgment was entered in favor of Strom, and against Keller, on the original complaint in the amount of $8,284. That same order contained a judgment in favor of Ellefson and against Keller on the third-party complaint. As previously stated, on July 31, 1970, Norma Keller conveyed the residence to the Slovenkos, and $20,000 of the purchase price was held by the Chicago

Title & Trust Co. to indemnify it against any defect in title arising from Ellefson's judgment against Keller on June 17, 1970. It is this $20,000 which the appellees, Ellefson and Strom, have recovered pursuant to the magistrate's order in the citation proceedings and in satisfaction of their judgments.

■■ We first consider Noma Keller's contention that the magistrate did not have jurisdiction to hear this case as the claim of Ellefson exceeded statutory limit of $10,000 established in cases assignable to magistrates. On the dates that Strom filed his original and amended complaints, the monetary limit of cases assignable to magistrates was $10,000. However, Norma Keller was never a party to that case, and the parties to the case had stipulated that the magistrate hear the case. The citation proceeding involved herein was filed on July 21, 1970, and the jurisdiction of the magistrates had been raised to $15,000, as Supreme Court Rule 295 was amended effective July 1, 1970, to cover "any other civil action in which the amount of money or damages or the value of property claimed does not exceed $15,000." Even though Ellefson's claim was for $13,236 and Strom's claim was for $8,284 and, therefore, totaled more than $15,000, nevertheless each claim was under the $15,000 limit. The test is whether the individual claims exceed the jurisdictional limit. (*Ras v. Allan Anthony Electric Corp.,* 55 Ill.App.2d 176, 181, 182.) Therefore, the magistrate did have jurisdiction of the citation proceedings herein.

■■ Appellees contend that since Norma Keller has failed to supply a record from which this court can determine the merits of her appeal, the court should either dismiss the appeal or affirm the judgment of the lower court. It is true that the original record filed by the appellant did not contain any report of proceedings which occurred on September 25, 1970, and there is some question as to whether the report of proceedings on November 20, 1970, contained all or only a portion of the proceedings of that date. Additional transcripts have been filed by the appellant, over the objection of the appellee, by leave of this court since the filing of briefs by the parties. Also, since the filing of briefs, to clear up any misunderstanding, the magistrate, on December 2, 1971, entered an order that the reports of proceedings of September 25 and November 20, 1970, certified by the official court reporter, were true and correct transcripts of all proceedings on those dates. Therefore, at the present time we have a record before us which is sufficient to determine whether or not the citation defendant, Norma Keller, received the trial or hearing to which she was entitled. Consequently, we will not dismiss the appeal or summarily affirm the judgment of the lower court as requested by the appellees.

A citation to discover assets directed to Norma Keller was issued in

this cause on July 21, 1970. On September 12, 1970, Ellefson filed a supplemental citation to discover assets directed to the Chicago Title & Trust Co. On September 21, 1970, another supplementary citation was filed by Ellefson against the Slovenkos. A petition and supplemental proceeding under section 73 of the Civil Practice Act was filed by Ellefson against Keller and Norma Keller on September 25, 1970, and on that date, Norma Keller entered a special and limited appearance by her attorneys (apparently to the citation issued on July 21, 1970). She was not present at a hearing on September 25, 1970, which took place on one of the citations and during which Mrs. Slovenko and an official of the Harris Trust & Savings Bank testified. On September 25, 1970, the magistrate ordered that the "third party" Norma Keller file a written motion on or before October 1, 1970. On September 30, 1970, she filed a motion objecting to the citation and stated that Strom and Ellefson were attempting to use citation procedures as a creditor's bill but that the relief to which they were entitled, if any, lay in Case No. 70-CH-236. There, a complaint was filed by Ellefson on August 29, 1970, against Arthur C. and Norma Keller in the nature of a creditor's bill to set aside the deed from Harris Trust & Savings Bank, Trust No. 14069, to Norma Keller as an attempt to defraud Ellefson, a judgment creditor. Later, on October 9, 1970, Strom filed an additional petition and supplemental proceedings under section 73 of the Practice Act, and on October 30, 1970, Norma Keller filed a motion to transfer the cause to the general division of the court because the damages alleged were in excess of statutory limitation on magistrates. That motion was denied. It appears that the magistrate prior to November 20, 1970, had entered an order that Norma Keller should appear on that date and show cause why she should not be held in contempt of court for failing to appear on September 25, 1970. The colloquy between the attorneys and the magistrate on November 20, 1970, indicated that Norma Keller was to take the stand and testify to show cause why she should not be held in contempt of the court. After she so testified, there was considerable argument regarding Norma Keller's motion to dismiss and after the magistrate had stated that he had heard sufficient evidence, the attorney for Norma Keller stated at least five times that he wanted to put in her proofs, and because he appeared to be ignored, he stated finally, but unsuccessfully, "We demand our right to put in our proofs or I submit we have serious error in these proceedings." On December 11, 1970, the court dismissed the citation proceedings against Norma Keller, the Chicago Title & Trust Co., and the Slovenkos, and stated when questioned about the transfer of the property from Norma Keller to the Slovenkos, "I hold she was not acting in fraud at the time she transferred it over to the Slovenkos."

Strom and Ellefson filed a post-trial motion on December 23, 1970, and on that same date the post-trial motion was granted and judgment was entered requiring the Chicago Title & Trust Co. to pay the $20,000 it was holding as a security deposit over to Ellefson and Strom, and finding that the conveyance from Norma Keller to the Slovenkos was fraudulent. The record does not disclose any additional testimony being taken between the dates of December 11, 1970 and December 23, 1970, or since November 20, 1970. The appellees have admitted that the attorney for Norma Keller stated at least five times at the November 20 hearing that he desired or demanded to put in his proof, but state that Norma Keller cannot complain that she was not allowed to put in proof because she made no offer of proof.

Appellees do not deny that Norma Keller was entitled to a hearing but contend that the type of hearing contemplated under section 73 of the Civil Practice Act is a more informal hearing than would ordinarily obtain in a regular trial. Section 73(1) provides in part: "The procedure for conducting supplemental proceedings shall be prescribed by rules." Supreme Court Rule 277(e) (Ill. Rev. Stat. 1969, ch. 110A, par. 277(e)) specifies the nature of the "hearing" to be held in citation proceedings, and it is stated by appellees that it would appear that the rule contemplates more informality than would be required at a regular trial, because the rule provides that the examination parties or witnesses may be conducted before the court or before an officer authorized to administer oaths. Appellees conclude that the court, therefore, was not bound by the strict rules of evidence or procedure that govern the conduct of the usual trial. Commenting upon Supreme Court Rule 277(e), Norma Keller says that paragraph indicates that the hearing shall consist of a trial, as it states that the examination of a third party "shall be before the court," unless the court orders that it be before an officer authorized to administer oaths and points out that the same paragraph states, "Any interested party may subpoena witnesses and adduce evidence as upon the trial of any civil action."

■■■ By any standard, she did not received a hearing. Although the appellees make such of the so-called hearing on September 25, 1970, that was the date on which she filed her special and limited appearance. She was not required to answer any petition until October 13, 1970. When Norma Keller did file her verified answer to the petition in supplemental proceedings under section 73, she stated that she and Keller had not resided together as husband and wife since 1967, and that the transfer of the equitable interest under the trust was made in contemplation of a divorce and as a result of the property settlement between her and her husband. She further stated that she was the equitable owner of all

interest in said real estate prior to the filing of any *lis pendens* notice or any other notice to the public or to her of the pendency of any suit against Keller. Thus, it appears that, if she were allowed to put in proof, she would have submitted testimony and other evidence attempting to show that there was a consideration for the transfer of Keller's interest in the real estate concerned to her, and that the transfer was not done with intention to defraud any creditors. Norma Keller was precluded from presenting her entire case and the appellees' contention that she cannot complain because she did not make an offer of proof is not well taken. It is true that evidentiary points not raised by an offer of proof during a trial are waived on appeal (Ill. Digest, Vol. 31, Trial Sections 44—49), but the point was never reached where her testimony was objected to and an offer of proof became necessary. A reading of the transcript reveals that the magistrate considered the proceedings as a legal matter and entered the two contradictory orders of December 11 and December 23, 1970, entirely on arguments of counsel and without hearing the proof demanded to be presented by Norma Keller. From the arguments made, it appears that the magistrate in entering the order of judgment on December 23, 1970, presumed fraud because the transfer of the equitable interest under the trust was from husband to wife. Such fraud cannot be presumed. *Woodham v. Miller*, 319 Ill.App. 388, 395.

For the reasons stated herein, the judgment entered in the Circuit Court of Lake County on December 23, 1970, is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

MORAN and GUILD, JJ., concur.