JEANNE MEGGISON, Plaintiff-Appellee, v. ARTHUR R. STEVENS, Defendant —(HELEN M. STEVENS, Supplemental Defendant-Appellant.)

(No. 58185;

First District (2nd Division)—June 28, 1974.

*Rehearing denied August 7, 1974.*

506

Alvin W. Block, of Block, Levy & Becker, of Chicago, for appellant.

Wolf and Axelrod, of Chicago (J. Henry Wolf, Carl Cipolla, and Philip J. McGuire, of counsel), for appellee.

Mr. PRESIDING JUSTICE HAYES delivered the opinion of the court:

Between January, 1959, and April, 1962, Arthur Stevens signed and delivered three confession promissory notes totalling $11,612 to Jeanne Meggison. Each note represented his obligation to repay a loan of money made to him by Jeanne Meggison. Arthur's wife, Helen, was not a party either to the loans or to the notes.

During this period of time Arthur Stevens and his wife, Helen, held record legal title to their home in fee simple as joint tenants with right of survivorship, subject to a mortgage. Testimony of Arthur and of Helen, given in citation examinations in 1972 (which testimony will hereinafter be related in more detail), established that, in September of 1964, Arthur and Helen gratuitously conveyed their respective interests in their home to the American National Bank as trustee of a certain land trust No. 20709, of which Helen was the sole beneficiary. At the time of this transfer, the three notes made by Arthur to Jeanne Meggison were due and payable, but none had been reduced to judgment.

On 12 May 1965, judgment by confession was entered in favor of Jeanne Meggison against Arthur Stevens on the three notes. On 16 February 1966, the judgment by confession was opened and the matter was set for trial. On 15 June 1970, after a jury trial, judgment was entered in favor of plaintiff against defendant in the sum of $15,000 plus costs. No appeal was taken from that judgment.

In February, 1972, separate citations to discover assets, pursuant to Supreme Court Rule 277 (Ill. Rev. Stat. 1971, ch. 110A, par. 277), were issued against Helen and Arthur Stevens. Both Arthur and Helen appeared and were examined on different days; but the full transcript of their testimony has not been included in the record before us. Shortly

thereafter, plaintiff filed a verified petition for relief against Arthur and Helen, to which petition three pages of the transcripts of the citation proceedings were attached, being excerpts from the examinations of Arthur and Helen. Plaintiff's petition alleged that the conveyance by Arthur to American National Bank was a fraudulent transfer, the fraud being evident from the testimony of Helen herself as set forth in the attached pages of transcript. In her prayer for relief, plaintiff asked that the conveyance by Arthur to the American National Bank be set aside and that Helen be ordered to convey 50% of her right, title, and interest in the beneficial interest in the land trust to the Sheriff of Cook County and that he be directed to levy upon and sell the property in satisfaction of plaintiff's judgment claim. Defendants filed a verified answer simply denying that the conveyance was fraudulent and further alleging that at the time of the conveyance Arthur was not insolvent and that the conveyance did not cause him to become insolvent.

As noted, the three pages of transcript attached to the petition are excerpts from the testimony of Arthur and of Helen in their respective citation examinations. Both testified that Arthur had twice renegotiated the mortgage on their home in order to procure a new and larger loan from a new lender for the purpose of paying debts which Arthur had incurred in various unsuccessful business ventures of his. Helen, who was and had been contributing to the mortgage payments from her salary, reluctantly joined in the renegotiations. But the second renegotiation had placed a severe strain on the marital tie, because Helen could not see why she should be paying for their home "twice over" simply for the benefit of Arthur's creditors; and, despite Arthur's protestations, she predicted that Arthur would do the same thing a third time. To resolve the marital discord, Arthur offered to disable himself from doing the same thing a third time by transferring his interest to her. On the advice of Arthur's attorney, this objective was achieved in September of 1964 by having Arthur and Helen convey their respective interests in the residence property to the American National Bank as trustee of Land Trust No. 20709, of which Helen was the sole beneficiary. No pecuniary consideration was paid by Helen to Arthur for this transfer.

In response to further examination by counsel for plaintiff, Helen testified that her concern had been over Arthur's existing and future creditors' seizing Arthur's fractional interest in the joint tenancy, thereby reducing her fractional interest below the value of her contributions to the mortgage payments, which she had made and would make.

At the hearing on the petition and answer, supported by the full transcripts of the citation examinations, the trial judge was about to enter his findings and order, when defense counsel objected that he had

not as yet had any opportunity to present his defense, and he asked the court for leave to put a witness for Helen on the stand. The witness turned out to be Arthur. The court took the position that counsel had participated in the citation examination of Arthur, where he had had full opportunity further to examine Arthur to obtain his testimony for the defense, but counsel had elected not to do so. Counsel for the Stevens' protested that it was not the practice for a third-party citation examinee to put in at the citation examination his or her defense to the subsequent petition for relief which might be filed by the judgment creditor on the basis of the citation examination. Counsel pointed out that, under the applicable statutes (Ill. Rev. Stat. 1971, ch. 110, par. 73(5)), as supplemented by Supreme Court Rule 277(e) (Ill. Rev. Stat. 1971, ch. 110A, par. 277(e)); and sections 10 and 11 of the act regarding garnishment (Ill. Rev. Stat. 1971, ch. 62, pars. 42, 43), a *third party* whose alleged property rights would be adversely affected by the relief sought in this subsequent petition was entitled to a trial on the issues raised by the petition and answer. The court appears to have taken the position that Arthur had testified fully at the citation examination as to what his intent had been in making the transfer of his interest in the home, and could have nothing to add to that testimony. In addition, the judge referred to his impression that the matter had been submitted to him by the parties for his disposition on the pleadings and the citation examinations, which he had read and reread. Defense counsel denied any such intent or agreement on his part.

After this extended colloquy, the trial judge denied defense counsel's request to put Arthur on the stand to testify in defense of Helen's alleged property rights and proceeded to announce his findings and order. He found that the conveyance by Arthur to the American National Bank was not real but was in fact a fraudulent transfer made with the intention of defrauding plaintiff as a creditor of Arthur Stevens. The judge then ordered Helen to execute an assignment of 50 percent of her right, title, and interest in the beneficial interest in the land trust to the Sheriff of Cook County. From that order, Helen Stevens appeals.

The gist of Helen's position is that, when the trial judge refused to permit Arthur to testify, she was denied the opportunity to establish her defense to plaintiff's petition for relief, and that the evidence before the trial judge (namely, the full transcripts of the citation examinations) was insufficient to support the finding that the conveyance by Arthur was fraudulent.

Since Helen (hereinafter appellant) has not seen fit to provide us with the full transcripts of the citation examinations, we are not in a position to determine the validity of her second contention on appeal.

■■ But we think her first contention must be sustained. The statutes and rules which govern supplementary proceedings all contemplate that a third party claiming an interest in the property involved must be given a "trial * * * as in other civil cases"; hence, must be given a full opportunity to present and maintain his or her claim. (See Ill. Rev. Stat. 1971, ch. 110, par. 73(5); ch. 110A, par. 277(e); ch. 62, pars. 42, 43.) As a third-party citation respondent and a defendant in plaintiff's subsequent petition for relief, appellant is in the position of a garnishee asserting her own property right in the subject premises.

■■ The record in this case shows that appellant was not afforded such an opportunity despite her request for it. Her citation examination does not itself constitute such an opportunity since such examination is simply a preliminary discovery proceeding which might elicit facts which could serve as the basis for a subsequent petition for relief, which, as to the third party, would constitute the initial pleading in the nature of a complaint. Appellant filed an answer which put the cause at issue.

■■ While the parties by agreement may stipulate the pleadings, citation examinations and evidence which may be considered by the court in resolving the issues before the court, the record in this case contains no evidence of any such agreement by the parties or their counsel, and trial counsel for appellant denied any such agreement and expressly asked to put on a witness for the appellant. We think it was error to refuse to permit him to do so, because such refusal denied appellant as a third party a "trial * * * as in other civil cases". See *Roy Strom Excavating & Grading Co. v. National Bank* (1972), 4 Ill.App.3d 561, 281 N.E.2d 427.

For the foregoing reasons, the judgment order of 27 July 1972 is reversed and the cause is remanded for such further proceedings as are not inconsistent with this opinion.

Judgment reversed and remanded.

STAMOS and DOWNING, JJ., concur.