VICKIE V. HARMON *et al.*, Plaintiffs-Appellants, v. LADAR CORPORATION *et al.*, Defendants-Appellees.

Second District   No. 2—89—1169

Opinion filed July 19, 1990.

Peter A. Lombardo, of William E. Jegen, P.C., of Glen Ellyn (William E. Jegen, of counsel), for appellants.

Ronald J. Broida, of Goldstine & Broida, Ltd., of Summit (David G. Pribyl, of counsel), for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs, Vickie and Michael Harmon, appeal from an order of the circuit court of Du Page County denying their motion for turnover order against defendant, Lawrence Mazikowski. Plaintiffs were judgment creditors of LaDar Corporation, a defunct Missouri corporation whose sole shareholders were defendant and his wife, Darlene. Plaintiffs contend on appeal that they were entitled to the relief sought in the motion because (1) fraudulent monetary conveyances were made from LaDar to Mazikowski shortly after plaintiffs filed suit against LaDar in Missouri; (2) LaDar paid Mazikowski illegal dividends after the suit was filed; and (3) defendant failed to pay LaDar $30,000 allegedly due and owing for stock. We reverse and remand.

Plaintiffs filed their Missouri complaint against Mazikowski and LaDar on August 3, 1984. They alleged in the complaint that they purchased a mobile steam and pressure washer from LaDar in April 1984. Plaintiffs further alleged that defendants made a false representation about the washer prior to the purchase and that defendants breached a service contract into which the parties had entered. On January 17, 1985, the trial court in Missouri entered an order denying LaDar's motion to dismiss but granting summary judgment to Mazikowski.

LaDar's corporate charter was revoked on January 1, 1986. After

the corporation failed to appear at trial, the Missouri court entered judgment against it and in favor of plaintiffs in the amount of $17,000 plus costs on December 17, 1987. By this time, Mazikowski had moved to Carol Stream, Illinois. In September 1988, plaintiffs filed a petition to enroll the Missouri judgment with the circuit court of Du Page County. The next month, plaintiffs filed a citation to discover assets directed against Mazikowski with the circuit court of Du Page County. Plaintiffs requested in the citation that Mazikowski appear for examination on November 22, 1988, and produce various documents and records relating to LaDar.

Mazikowski appeared for the requested examination on January 20, 1990. He testified that LaDar, a dealer for pressure washing and steam cleaning equipment, was in business from December 1983 until June 1984. Mazikowski stated that he entered into an agreement to loan LaDar $40,000 at 12% interest, with repayment to occur over a period of no more than three years. The loan, according to Mazikowski, was not a lump sum, but was taken out over a period of time. Mazikowski stated that he transferred $6,000 from his personal checking account to LaDar's account on November 22, 1988, and that this was part of the loan. A $13,500 transfer from Mazikowski's account to the LaDar account on December 6, 1983, was also part of the loan.

After the corporation went out of business in June 1984, Mazikowski liquidated its inventory over a period of nine months and received approximately $15,000, which was initially placed into the corporate bank account. Mazikowski also testified about several payments from the corporation to him between July 1984 and May 1985 that were reflected in the corporate records. According to Mazikowski, the following checks were issued from the corporation to him during this period in repayment of his loan to LaDar: (1) A $1,000 check dated July 23, 1984; (2) a $19,000 check dated August 9, 1984; (3) A $7,701.55 check dated November 3, 1984; (4) a $500 check dated December 28, 1984; and (5) a $1,500 check dated January 15, 1985. Mazikowski stated that a $200 check made out to cash and dated February 8, 1985, was for him. A $300 check dated May 17, 1985, had the notation "vaca" listed on the check stub. Mazikowski did not know what this notation meant. A $300 check made out to Mazikowski and dated May 28, 1985, was reimbursement for travel expenses.

On March 17, 1989, plaintiffs filed their motion for a turnover order against Mazikowski. They alleged in the motion that Mazikowski and his wife treated corporate assets as their own and the corporation was therefore an alter ego of the Mazikowskis. They further alleged

that Mazikowski had converted assets of LaDar and that corporate assets had been fraudulently conveyed to him. According to the allegations of the motion, Mazikowski lent about $20,000 to LaDar but had received $40,601.55 from the corporation since it ceased doing business. Plaintiffs sought an order compelling Mazikowski to satisfy the Missouri judgment. They attached a copy of Mazikowski's citation testimony and copies of certain LaDar check stubs, bank statements, and other records to the motion.

In his response to the motion for turnover order, Mazikowski alleged that he had actually lent $68,490 to LaDar and that LaDar owed him $28,689. Mazikowski attached certain LaDar records to his response. The response was not verified or supported by affidavit. Mazikowski also stated in the response that LaDar was authorized to issue 10,000 shares of stock at a price of $3 per share. In plaintiffs' reply to the response, they contended this constituted an admission that Mazikowski was obligated to pay LaDar $30,000, since he and his wife were the sole shareholders.

The trial court held a hearing concerning the motion on July 19, 1989, during which the court entertained argument from the parties but did not hear any evidence. Toward the end of the hearing, the trial judge stated that he would deny the motion for turnover order because the motion should have been brought in a Missouri court and because factual issues existed. The trial court entered a written order denying the motion on August 2, 1989, and terminating the citation proceeding. Plaintiffs filed a timely notice of appeal after their motion to reconsider was denied.

■■ ■ The trial judge's determination that the motion should not have been brought before an Illinois court is clearly erroneous. Plaintiffs filed a petition to register the Missouri judgment with the circuit court of Du Page County pursuant to section 12—603 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 12—603) and had process served upon Mazikowski, LaDar's registered agent. Under section 12—603, filing such a petition constitutes registration of the judgment. Section 12—607 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 12—607) states that if the judgment debtor fails to plead within 30 days of service or the time specified in the summons, the registered judgment becomes a binding judgment in the court in which it was registered. Since LaDar and Mazikowski filed no response to the petition to register, the Missouri judgment became a judgment of the circuit court of Du Page County, enforceable through supplementary proceedings under section 2—1402 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1402). Such proceedings would include, in appropriate

instances, a motion for a turnover order. (See, *e.g., Federal Insurance Co. v. Maritime Shipping Agencies, Inc.* (1978), 64 Ill. App. 3d 19, 24.) Plaintiffs were clearly entitled to bring their motion for turnover order in the circuit court of Du Page County.

■■ The other reason given by the trial judge for denial of the motion was that issues of fact existed. Ordinarily, if the judgment creditor claims entitlement to the assets of a third party in supplemental proceedings and the third party contests the claim, a trial must be held. (*Meggison v. Stevens* (1974), 21 Ill. App. 3d 505, 509; see also *Roy Strom Excavating & Grading Co. v. National Bank* (1972), 4 Ill. App. 3d 561, 566-67.) In *Strom Excavating*, the judgment creditors instituted citation proceedings against a third party, and then claimed a fraudulent conveyance had been made to that party. The trial court held a hearing at which it heard arguments of counsel but no evidence on the fraudulent conveyance allegation. The trial court subsequently entered judgment against the third party in the amount of $20,000. (*Strom Excavating*, 4 Ill. App. 3d at 565-66.) On appeal, the judgment was reversed because no evidentiary hearing was held. 4 Ill. App. 3d at 566-67.

■■ Similarly, in the case at bar, the trial court entered judgment based solely upon the arguments of counsel, and this was clearly improper. We recognize that in proceedings such as these where a judgment creditor seeks entry of judgment against a third party in citation proceedings, the trial court may consider motions for summary judgment filed by the parties. (*Federal Insurance Co. v. Maritime Shipping Agencies, Inc.* (1978), 64 Ill. App. 3d 19, 27.) Additionally, the parties may stipulate to entry of judgment based upon the pleadings, citation examinations, and other stipulated evidence. (*Alan Drey Co. v. Generation, Inc.* (1974), 22 Ill. App. 3d 611, 617.) The parties never entered into any such stipulation in the case at bar, however, nor did they file any motions for summary judgment. Under the circumstances, it was error for the trial court to summarily deny the motion for turnover order.

■■ Mazikowski argues that the relief sought in the motion for turnover order is barred under the doctrines of *res judicata* and collateral estoppel because judgment was entered in his favor in the underlying Missouri lawsuit. We disagree. The doctrine of *res judicata* provides that a final judgment by a court of competent jurisdiction acts as an absolute bar to relitigation of the same cause of action between the same parties or their privies. (*Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 6.) Collateral estoppel bars relitigation of an issue decided in a prior adjudication if the issue is

identical to one in the present proceeding, a final judgment was rendered on the merits, the party against whom the doctrine is asserted was a party or is in privity with a party to the prior litigation, and the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. (*Fearon*, 131 Ill. App. 3d at 7.) Essentially, the same requisites for application of these doctrines exist in Missouri. See *Lewis v. Barnes Hospital* (Mo. App. 1985), 685 S.W.2d 591, 594.

■ Neither doctrine bars the motion for a turnover order here. The cause of action in the original lawsuit was for breach of contract and breach of warranties relating to certain machinery supplied by LaDar to plaintiffs. The motion for turnover order was a distinct cause of action by plaintiffs, who were now judgment creditors for recovery of money allegedly improperly taken from the corporation by Mazikowski. In the original action, the issue decided by the trial court was that Mazikowski could not be held individually liable for breaching the contract between LaDar and plaintiffs or for breaches of warranty. No such issue is present in the instant case.

■ Finally, plaintiffs have moved to strike certain portions of the statement of facts in Mazikowski's brief because they are based upon unsworn and unverified statements in Mazikowski's response to the motion for turnover order. We do not need to rule on this motion since our disposition of this matter has not in any way been influenced by these statements.

For the reasons expressed herein, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

UNVERZAGT, P.J., and McLAREN, J., concur.