Constant L. VERMANDEL and Rosa Vermandel, Plaintiffs-Appellees,

v.

Thomas Earl GRAY, Jr., et al., Defendants,

Central Bank of the South, Garnishee-Appellant.

No. 84–7740.

United States Court of Appeals, Eleventh Circuit.

Sept. 27, 1985.

Robert L. Shields, III, Balch, Bingham, Baker, Ward, Smith, Bowman & Thagard, Harold A. Bowron, Jr., Jerry W. Powell, Birmingham, Ala., for garnishee-appellant.

Leitman, Segal & Payne, W. Clark Watson, Birmingham, Ala., for plaintiffs-appellees.

Before VANCE and HENDERSON, Circuit Judges, and ALLGOOD *, Senior District Judge.

PER CURIAM:

On July 19, 1984 Constant and Rosa Vermandel obtained a judgment in district court against Thomas Earl Gray, Jr., et al., in the amount of $152,039.67. On August 1, 1984 the Vermandels obtained a writ of garnishment directed to Central Bank. The bank answered that it was indebted to Gray in the amount of $54,509.22 and the Vermandels moved for condemnation. On September 14, 1984 the district court entered an order directing the bank to pay into the court the full amount of the indebtedness. On September 21, after a motion for disbursement had been granted but before it had been entered, Central Bank filed a motion for refund and an amendment to its original answer. The bank asserted that its earlier answer had been erroneous because Gray was indebted to the bank in the amount of $49,524.22 which was secured by an assignment and pledge of his account to the bank. Based on this assertion the bank moved for a refund of $49,-524.22 from the monies it had previously paid into the court. The amended answer

was disallowed and the motion for refund was denied. Motions for Rehearing and to Alter or Amend Judgment were also denied. Central Bank has appealed.

According to Fed.R.Civ.P. 69(a), we must look to the law of Alabama in this case.

> (a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time of the remedy is sought....

Ala.Code § 6-6-461 entitled "Effect of judgment for plaintiff as between garnishee and defendant" provides:

> The judgment condemning the debt, demand, money or effect to the satisfaction of the plaintiff's demand is conclusive as between the garnishee and the defendant to the extent of such judgment, unless the defendant prosecutes to effect an appeal from such judgment....

Thus the order entered by the district court on September 14, 1984 was a final order for purposes of appeal. *Buck Creek Industries, Inc. v. Alcon Construction, Inc.*, 632 F.2d 75, 77 (5th Cir.1980).

Rule 4 of the Federal Rules of Appellate Procedure provides that a notice of appeal be filed with the Clerk of the district court "within 30 days after the date of entry of the judgment or order appealed from." Central Bank filed a notice of appeal on November 13, 1984, sixty days after the final judgment. The matter before us is therefore not an appeal of the September 14 order, but the subsequent ruling of the district court pursuant to Fed.R.Civ.P. 60(b).

In order to find in favor of Central Bank we would have to find that there was an abuse of discretion on the part of the dis-

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

trict court judge in refusing to allow Central Bank to amend its answer *after* an entry of final judgment. We conclude that no abuse of discretion has been shown and that the judgment of the district court must be affirmed.

AFFIRMED.