**LABORERS' PENSION FUND, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, Plaintiffs–Appellees,**

v.

**DIRTY WORK UNLIMITED, INCORPORATED, an Illinois Corporation, James R. Wood, Individually and Carlos Mier, Individually, Defendants.**

**Appeal of CENTURY CONTRACTORS INCORPORATED.**

No. 90–1045.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 26, 1990.

Decided Dec. 7, 1990.

Rehearing and Rehearing In Banc Denied Feb. 4, 1991.

Hugh B. Arnold, Arnold & Kadjan, John F. Etzkorn, Chicago, Ill., for plaintiffs-appellees.

Steve C. Silvey, John F. Gregorio, Chicago, Ill., for defendants.

John W. Kalich, Burke, Wilson & McIlvaine, Chicago, Ill., for appellant.

Before BAUER, Chief Judge, and WOOD, JR., and RIPPLE, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

This appeal is about one hundred dollars, although appellant, Century Contractors, Inc. ("Century"), argues that more is involved. Century failed to comply with a turnover order that required Century to pay $12,041.00 to Laborers' Pension Fund. Because of this unwillingness to comply, the district court held Century in civil contempt, setting an initial fine of $1000.00 and subsequently reducing it to $100.00. Century presents two issues on appeal: (1) that the turnover order was wrongfully entered; and (2) that the district court abused its discretion in holding Century in contempt. We do not have jurisdiction to decide the turnover issue because the turnover order was final and immediately appealable when entered in June 1989, yet not timely appealed. We have jurisdiction over the civil contempt order under 28 U.S.C. § 1291 and we affirm.

## I. FACTS

The turnover order in this case arose from a judgment in a suit brought by Laborers' Pension Fund ("LPF") against James R. Wood and Dirty Work Unlimited, Inc. ("Dirty Work"). Century, a nonparty to the suit, is involved because of its business relationship with Wood. LPF sued Wood and Dirty Work for failure to contribute to trust funds administered by LPF in connection with demolition jobs Dirty Work performed in the Chicago area. The trust fund contributions were required by the collective bargaining agreement between the parties. Two federal statutes, the National Labor Relations Act, 29 U.S.C. § 185(a) and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132, 1145, govern such funds. The District Court granted summary judgment for LPF on July 29, 1987, ordering payment to LPF of $71,447.89 by Dirty Work, $51,480.31 by Wood, and $19,967.58 by another defendant.

As part of the effort to recover the money judgment from Wood, LPF took a deposition of John W. Sanicki, president of Century, pursuant to a citation to discover assets. In this deposition of April 7, 1989, Sanicki revealed that Century and Wood participated in a joint venture agreement to provide demolition services at a specific Chicago location. Sanicki admitted that Century owed Wood $12,041.00 based on the agreement's allotment, to both Wood and Century, of a fifty percent share of net profits from the work. Wood claimed that Century owed him more than $12,041.00 and prior to this deposition he had filed a mechanic's lien claim against Century in the amount of $127,000.00. Following Sanicki's deposition, Wood filed a complaint for foreclosure of the lien. The Circuit Court of Cook County dismissed Wood's action with prejudice on December 13, 1989.

At a May 12, 1989, hearing, LPF filed a motion for turnover order, seeking from Century either a $30,000.00 amount determined from a proposed settlement agreement, or at least the $12,041.00 Sanicki admitted was due and owing. Attorneys for LPF, Century and Wood were present. The district judge questioned Century's attorney regarding the $12,041.00 claim, and the attorney admitted that Century owed that amount. Because Wood did not approve of the proposed settlement agreement, the court continued the motion.

On May 23, 1989, the matter again came before the district court. Counsel for Wood and LPF were present, but counsel for Century failed to appear at the hearing. From that hearing, counsel for LPF pre-

pared a draft turnover order. The court issued the turnover order on June 1, 1989, and required Century to turn over the $12,041.00. The order also provided for additional recovery of amounts owed to Wood by Century if the state court litigation so revealed, and included requirements affecting Wood's mechanic's lien that ensured the ability of Century to comply with the order.

Century brought a motion to vacate the turnover order on June 9, 1989. The court denied the motion based on Century's previous admission that the amount ordered to be turned over was due and owing. Century did not comply with the court's order and did not act again until October 13, 1989, when it brought a motion for relief from turnover order. The court determined that a requested evidentiary hearing was not necessary since the admission from Sanicki's deposition was sufficient evidence to support the order. Century still did not comply with the court's turnover order.

Acting on Century's failure to comply, on December 8, 1989, LPF brought a motion for rule to show cause as to why Century should not be held in contempt for not turning over the $12,041.00 as ordered by the court. The court continued the matter, setting December 18, 1989 as the date of the hearing. At the hearing, the court found Century in contempt for disobeying the turnover order, and set a fine of $1000.00. Century paid the amount owed to LPF at that time. On December 28, 1989, the district court reduced the fine to $100.00 after denying Century's motion for stay pending appeal. Century now contests the validity of the contempt order and the underlying turnover order.

## II. ANALYSIS

### A. Turnover Order

■ Before deciding the merits of the turnover order, we must determine whether we have jurisdiction to decide the issues presented. Century contends that the turnover order was not final and immediately appealable when issued, and that we have jurisdiction to determine the propriety of the order within our consideration of the contempt appeal. We do not agree.

This court has jurisdiction "of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. As spelled out in a recent decision, "[g]enerally, an order constitutes a final decision if it ends the litigation and leaves nothing to be decided in the district court." *United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1216 (7th Cir.1990). The turnover order satisfies this description and thus was final when entered on June 1, 1989.[1] Century did not appeal the turnover order within thirty days as required by Rule 4 of the Federal Rules of Appellate Procedure and that leaves us without jurisdiction to decide the matter.

Century claims that unresolved issues and disputed facts prevent the turnover order from being final. This cannot be the case. The proceedings with which we are concerned in this appeal are all post-judgment proceedings. The only unresolved element in the turnover order was the possibility of additional amounts to be paid if found to be owed to Wood by Century.[2]

---

1. We have considered appeals of turnover orders before, thus demonstrating our belief in the finality of such orders. *Argento v. Village of Melrose Park*, 838 F.2d 1483, 1498–99 (7th Cir. 1988) (garnishment proceeding in which turnover order issued by district court as summary judgment was remanded for further factual findings); *Boatmen's Nat'l Bank v. Smith*, 835 F.2d 1200 (7th Cir.1987) (affirmed district court's denial of creditor's motion to turn over proceeds held by the debtor's lender).

2. *King v. Ionization Int'l, Inc.*, 825 F.2d 1180 (7th Cir.1987), discusses the appealability of post-judgment orders such as the turnover order in this case. The *King* suit was brought to recover an unpaid balance and the district court entered a default judgment. A writ of execution was obtained, and the court ordered the turnover of certain assets in satisfaction of the judgment. There we held that a collection proceeding, even when amounts were not certain, was sufficiently final to be immediately appealable. *Id.* at 1183. We reasoned that "there is little danger that should [collection] proceedings generate their own appeal it will raise issues overlapping the appeal from the judgment on the merits and

Regardless of those future amounts, Century admitted to owing the $12,041.00 the court ordered Century to pay. No disputed facts existed and no matters relevant to the ordered payment remained to be resolved. The turnover order was final and appealable and not timely appealed.

### B. Contempt

■ We will not reverse a lower court's holding of civil contempt unless the result was clearly erroneous or unless we find an abuse of discretion by the district court. *In re John Doe Trader Number One*, 894 F.2d 240, 242 (7th Cir.1990). In this case, we find neither and so we affirm.

■ Century willfully refused to comply with the district court's turnover order, but had no trouble paying the ordered amount once the court found it in contempt. Century certainly had a right to appeal, which it did not do in a timely manner, but did not have a right to ignore a court order. Because Century did not follow the dictates of the turnover order, the court had the right to enforce the order through contempt.

Century argues that the court should not have used contempt to enforce its order but that, according to Rule 69(a) of the Federal Rules of Civil Procedure, a writ of execution would have been the proper means of enforcement. Rule 69(a) does state that "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution," but adds "unless the court directs otherwise." FED.R.CIV.P. 69(a). The rule also instructs the court to utilize the practice and procedure of the state in which the district court is located for guidance in the enforcement of a money judgment, in the absence of a controlling federal statute. *Id.*

According to Illinois practice and procedure, the court acted properly in issuing both the turnover order and the resulting contempt order.[3] The Illinois statute provides that a court "may, by appropriate order or judgment":

> (3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement.

ILL.REV.STAT. ch. 110, para. 2–1402(b)(3) (1985). The case law indicates that a turnover order is a proper supplementary proceeding to use for this purpose. *See Harmon v. Ladar Corp.*, 200 Ill.App.3d 79, 146 Ill.Dec. 110, 557 N.E.2d 1297 (1990) (reversed and remanded lower court's denial of motion for turnover order of money claimed to be due and owing); *In re Estate of Miller*, 197 Ill.App.3d 67, 144 Ill.Dec. 890, 556 N.E.2d 568 (1990) (affirmed court's order for turnover of wrongly retained assets and subsequent contempt order for failure to comply).

Illinois practice and procedure also establishes that contempt is a proper means of enforcement of a court order compelling delivery of assets. According to Illinois Supreme Court Rule 110A, para. 277(h), "[a]ny person who fails to obey a citation, subpoena, or order or other direction of the court issued pursuant to any provision of this rule may be punished for contempt." *See In re Estate of Miller*, 197 Ill.App.3d at 67, 144 Ill.Dec. at 890, 556 N.E.2d at 568; *Welding Indus. Supply Co. v. Northtown Indus., Inc.*, 58 Ill.App.3d 625, 16 Ill.Dec. 227, 374 N.E.2d 1002 (1978) (court determined that contempt was proper where a defendant willfully refused to comply with a turnover order).

thus require duplicative effort by the court of appeals." *Id.* at 1184.

**3.** An Eleventh Circuit case applies Rule 69(a) and state law to determine finality of an order as well. *Vermandel v. Gray*, 772 F.2d 738 (11th Cir.1985). Illinois Supreme Court Rule 110A, para. 304(b)(4) states that supplementary proceedings, such as an order to compel satisfaction of a judgment, are final and appealable. This bolsters our view of the finality of the turnover order. We have noted, however, that "the Federal Rules neither create nor withdraw jurisdiction." *Argento v. Village of Melrose Park*, 838 F.2d at 1487.

Century failed to comply with a court order. The district court's decision to find Century in civil contempt was neither an abuse of discretion nor clearly erroneous, but was instead a proper means of enforcing its turnover order.

### III. CONCLUSION

For the reasons stated above, the appeal of the turnover order is DISMISSED and the civil contempt order is AFFIRMED.