2 F.3d 1153
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Grand Jury Proceedings: Victor KRYNICKI,
Respondent-Appellant.
 No. 92-2227.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1993.
Decided Aug. 20, 1993.
 
 Before CUMMINGS and ROVNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Dr. Victor Krynicki appeals from a contempt order issued by the district court for failure to comply with a grand jury subpoena duces tecum. Because the district court properly upheld the subpoena, we affirm the court's order of contempt.
 
 I.
 
 2
 On November 13, 1991, the district court issued a grand jury subpoena requiring Krynicki to produce medical records of 120 named Illinois residents whom he had treated for weight loss and all non-Illinois residents whom he had so treated. On December 27, Krynicki moved to quash the subpoena under Fed.R.Civ.P. 17(c) and Fed.R.Evid. 501. Krynicki argued that the subpoena was unreasonable and oppressive in that it interfered with the privacy rights of patients, violated the physician-patient relationship, required him to violate the physician-patient privilege set out in Ill.Rev.Stat., ch. 110, p 8-802 so as to put him at risk of civil liability or license revocation, and, for all these reasons, jeopardized his practice. Krynicki asked the court to apply the state law privilege under Fed.R.Evid. 501 because, although the subpoena related to a federal investigation, Krynicki practices in Illinois. As for that portion of the subpoena aimed at the records of non-Illinois residents, Krynicki objected to its scope. He argued that it was overbroad in not being time-limited and vague in not indicating what if any nexus was to exist between treatment and non-Illinois residence.
 
 
 3
 After two in camera hearings on December 27, 1991 and January 17, 1992, the district court denied Krynicki's motion to quash in a January 30, 1992 order. The court found that under the Supremacy Clause of the United States Constitution, a federal grand jury was not bound by the state law privilege and legal action against Krynicki would be barred. The court also reasoned that grand jury secrecy requirements would suffice to protect patient confidentiality. The court modified the portion of the subpoena relating to non-Illinois residents so as to require only records of those patients "treated for weight loss since January 1, 1986, and who resided outside of the State of Illinois during that period of their treatment." When Krynicki continued to ignore the subpoena, the district court entered an order of contempt on May 15, 1992, and imposed a penalty of $100 per day of non-compliance. Krynicki appealed from that order.[1]
 
 II.
 
 4
 Civil contempt is a proper sanction for failure to comply with a subpoena duces tecum, and such an order is final and appealable. United States v. Ryan, 402 U.S. 530, 532 (1971); In re Klein, 776 F.2d 628, 630 (7th Cir.1985). We will reverse an order of contempt only if the district court abused its discretion or its decision was clearly erroneous. Laborers' Pension Fund v. Dirty Work Unlimited, Inc., 919 F.2d 491, 494 (7th Cir.1990); In re John Doe Trader Number One, 894 F.2d 240, 242 (7th Cir.1990). Thus, " 'the relevant inquiry is not how the reviewing judges would have ruled ... but rather, whether any reasonable person could agree with the district court.' " United States v. Ashman, 979 F.2d 469, 495 (7th Cir.1992) (quoting United States v. Valona, 834 F.2d 1334, 1341 (7th Cir.1987)). Under that standard, Krynicki's arguments fail and we must uphold the district court's order.
 
 A. Fed.R.Crim.P. 17(c)
 
 5
 Krynicki first argues that the subpoena should have been either quashed or modified under Fed.R.Crim.P. 17(c), which applies to subpoenas duces tecum and provides in relevant part:
 
 
 6
 The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive.
 
 
 7
 As the party seeking to quash the subpoena pursuant to Rule 17(c), Krynicki bears the burden of establishing that "compliance would be unreasonable or oppressive." United States v. R. Enterprises, Inc., 111 S.Ct. 722, 728 (1991).
 
 
 8
 In R. Enterprises, the Supreme Court explored the unreasonableness component of Rule 17(c) in the grand jury context. Id. The Court noted that in the pre-trial context, parties are limited by the Rule 17(c) reasonableness requirement to seeking information that will be both relevant and admissible at trial. Id. at 727 (citing United States v. Nixon, 418 U.S. 683, 700 (1974)). In the grand jury context, where the inquiry is much broader and charging decisions generally only follow from the grand jury's investigation, such a determination is not yet possible. Id. Thus, a grand jury subpoena is not unreasonable if there is "a reasonable possibility that the ... records ... would produce information relevant to the grand jury's investigation...." Id. at 729. The Court's discussion in R. Enterprises therefore makes clear that reasonableness relates only to the potential relevance of the information sought, and not to the burden the subpoena might impose on a witness.[2] Because Krynicki has not challenged the potential relevance of the requested information, then, he has not actually challenged the reasonableness of the subpoena.
 
 
 9
 Instead, Krynicki's arguments all focus on the subpoena's oppressiveness. In reviewing those arguments we remain mindful that the district court possesses broad discretion in determining whether a subpoena conforms with Rule 17(c). In re Klein, 776 F.2d at 635 ("district courts possess considerable discretion in deciding whether subpoenas are vague, broad, or oppressive.") As the Supreme Court explained in Nixon, 418 U.S. at 702, "[w]ithout a determination of arbitrariness or that the trial court finding was without record support, an appellate court will not ordinarily disturb a finding that the applicant for a subpoena complied with Rule 17(c)." A brief review of Krynicki's arguments makes clear that the district court did not abuse its discretion in finding that the subpoena was not oppressive.
 
 
 10
 First, Krynicki argues that the subpoena is oppressive because it requires him to violate the state law privilege. He asserts that disclosure of the records puts him at risk of adverse legal action by either the State of Illinois or his patients. Specifically, he suggests that the state could revoke his medical license for violating his patients' confidentiality and that patients would have a cause of action based on his violation of the privilege. This argument is completely without merit. As the district court correctly noted, the fact that Krynicki is responding to a federal court order would protect him from any legal action that might result from his compliance with the subpoena. (Dec. 27 Hearing Tr. at 4.) The Supremacy Clause of the United States Constitution renders state law without effect in the context of a federal grand jury investigation and would bar any state law causes of action against Krynicki. Memorial Hosp. for McHenry County v. Shadur, 664 F.2d 1058, 1063-64 (7th Cir.1981).[3]
 
 
 11
 Krynicki also contends that the subpoena is oppressive in that it violates his patients' privacy rights. The district court rejected this argument, reasoning that the grand jury's secrecy requirements would sufficiently protect patients' privacy interests. (Dec. 27 Hearing Tr. at 2-3; May 15 Hearing Tr. at 3.) Although disclosure of medical records may in some instances burden patients' privacy interests, the district court did not clearly err or abuse its discretion in determining that the confidentiality of the grand jury process sufficiently offset that concern in this instance.
 
 
 12
 Krynicki also contends that his compliance with the subpoena will anger his patients and, for that reason, harm his reputation and his practice. He points to the fact that several of his patients were contacted regarding the investigation and subsequently informed him that they did not wish to have their records disclosed. But the fact that investigators may have informed Krynicki's patients of the investigation and in that way potentially harmed his reputation is unrelated to the subpoena itself. Because patients learned of the investigation only in this way and otherwise had no way to know of the subpoena, the subpoena itself is not responsible for any harm to Krynicki's reputation.
 
 
 13
 Finally, Krynicki argues that the subpoena is overbroad in that it (1) seeks patients' entire records rather than focusing on portions relevant to the investigation and (2) does not require deletion of patient names or otherwise protect their confidentiality. This argument has some merit in that unnecessary intrusion into confidential medical records should be avoided, and patient names, at the very least, do not appear relevant to the grand jury's investigation. But because Krynicki did not request this type of modification below, he has waived this argument and it has no bearing on our review of the district court's order of contempt.
 
 
 14
 Krynicki therefore failed to establish that the subpoena was oppressive, and the district court did not err in refusing to quash it pursuant to Rule 17(c).
 
 B. Fed.R.Evid. 501
 Fed.R.Evid. 501 provides:
 
 15
 Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law.
 
 
 16
 Thus, under Rule 501, we are not bound by state law privileges, but must determine for ourselves "in the light of reason and experience" whether to recognize a privilege. United States v. Wilson, 960 F.2d 48, 50 (7th Cir.), cert. denied, 113 S.Ct. 275 (1992). In making that determination, we balance the interest that would be protected by recognizing the privilege against the federal interest in gaining access to the information that would be protected. Id.
 
 
 17
 As for the government's interest in disclosure of the information, we explained in Wilson:
 
 
 18
 The federal government has a strong interest in enforcing federal criminal statutes, which implies a strong policy favoring admissibility of relevant evidence in criminal cases. Related to this is the federal courts' general interest in preserving the accuracy of the fact-finding process. Because evidentiary privileges impede the fact-finding function by excluding relevant evidence, federal courts generally disfavor privileges and construe them narrowly.
 
 
 19
 960 F.2d at 50 (citations omitted).
 
 
 20
 Krynicki has conceded, both in his brief and at oral argument (Krynicki Brief at 18-22), that federal courts have never recognized a physician-patient privilege. Instead, by his own characterization, he is asking us to go beyond existing case law to recognize the privilege in this case. Yet Krynicki has failed to offer any compelling evidence or arguments to support his position. Indeed, his failure to request that the district court require the redaction of patient names casts doubt on his ability to adequately represent his patients' interests (which the privilege is meant to protect) in this matter. In light of the government's compelling interest in investigating possible criminal activity, the court did not abuse its discretion by following existing law rather than creating a new privilege when no persuasive reasons for doing so were offered.
 
 III.
 
 21
 The district court did not abuse its discretion in upholding the grand jury subpoena or in entering an order of contempt when Krynicki refused to comply with the subpoena. We therefore affirm.
 
 
 
 [1]
 We subsequently granted Krynicki's motion to stay imposition of the fine pending appeal
 
 
 [2]
 The dissent maintained that the two components could not be analyzed separately, but need always be considered in relation to one another. It thus reasoned that Rule 17(c):
 requires the district court to balance the burden of compliance, on the one hand, against the governmental interest in obtaining the documents on the other. A more burdensome subpoena should be justified by a somewhat higher degree of probable relevance than a subpoena that imposes a minimal or nonexistent burden.
 
 
 [111]
 S.Ct. at 729 (Stevens, J., dissenting) (citations omitted)
 
 
 [3]
 Whether federal courts should recognize the privilege--which belongs to the patients and not to Krynicki (Glen Weissenberger, Federal Evidence Sec. 501.8 at 174 (1987))--is a separate question, which is discussed below