129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joan A. LARDY, Plaintiff-Appellant,
v.
UNITED AIRLINES, INC., Defendant-Appellee.
 No. 97-2254.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1997.*
Decided Oct. 31, 1997.
Rehearing Denied Jan. 23, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 93 C 1457; William T. Hart, Judge.
 Before FLAUM, RIPPLE, and WOOD, Circuit Judges. Defendant-Appellee.
 
 ORDER
 
 1
 Joan Lardy challenges the district court order granting in part and denying in part United Airlines, Inc.'s motion to hold Lardy in contempt of court. The district court found Lardy in contempt for failure to comply with the court's order approving the parties settlement agreement and dismissing the case. Lardy also raises issues on appeal regarding the dismissal order and the underlying settlement agreement, but Lardy failed to take a timely appeal from that order and we lack jurisdiction to consider these issues. Because Lardy has complied with all the provisions of the contempt order, the appeal of the order is moot and Lardy's appeal is dismissed.
 
 
 2
 Lardy and thirty-three other London-based flight attendants brought a suit against United, claiming that United committed age discrimination by refusing to hire them from Pan American World Airways Inc. when United purchased Pan Am's London operations. Hardy also filed charges against United in several other fora, including the United Kingdom Industrial Tribunal ("Industrial Tribunal") and the United States Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP").
 
 
 3
 With the help of the district court, the parties reached a settlement resolving all pending litigation between them. The district court conducted a fairness hearing, entered an order approving the settlement agreement, and dismissed the underlying action with prejudice. The dismissal order recited that the parties agreed to dismiss with prejudice the related actions listed in the settlement agreement and that the court retained jurisdiction to enforce the terms of the settlement agreement.
 
 
 4
 Lardy subsequently refused to dismiss her pending actions against United as required by the terms of the settlement agreement, and United filed a motion to hold Lardy in contempt of court. The magistrate judge conducted a hearing on the motion and found Lardy in contempt of court. The magistrate judge recommended that the court impose monetary sanctions on Lardy and that Lardy forfeit all of her settlement proceeds unless she dismissed her claims by a specified date. Lardy dismissed her claims by the court's deadline but objected to the imposition of monetary sanctions against her. The district court then issued an order approving the Magistrate's Report and Recommendation granting in part and denying in part United's motion but declining to sanction Lardy. The court also released to Lardy all of her settlement proceeds.
 
 
 5
 This court does not have jurisdiction to consider the numerous issues Lardy raises on appeal regarding the propriety of the settlement agreement and the district court's enforcement of it. Lardy had a right to appeal the dismissal order (which she failed to do), but she did not have the right simply to ignore the dismissal order and attempt to challenge its validity after she was found to be in violation of the order. Laborers' Pension Fund v. Dirty Work Unlimited, Inc., 919 F.2d 491, 493-94 (7th Cir.1990). The timely appeal of Lardy's civil contempt order does not permit examination of the legal or factual basis of the dismissal order, United States v. Rylander, 460 U.S. 752, 756-57 (1983); Laborers' Pension Fund, 919 F.2d at 493.
 
 
 6
 Lardy has complied with all the provisions of the civil contempt order and the appeal of the contempt order is moot. Szabo v. U.S. Marine Corp., 819 F.2d 714, 716 (7th Cir.1987). Reversing the order would not benefit Lardy. Id. The contempt order does not impose a continuing obligation that can be undone; rather, the district court found that Lardy had violated, but is no longer violating, the dismissal order. Lardy has arranged for the dismissal of the actions before the Industrial Tribunal and the OFCCP. The district court declined to impose monetary sanctions on Lardy and has released her settlement award to her. We therefore dismiss Lardy's appeal as moot.
 
 
 7
 DISMISSED.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R. App P.34(a); Cir. R. 34(f)