165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Howard (Ted) FURKIN, Defendant-Appellant.
 No. 97-3351.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1998.*
Decided Nov. 24, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois, Springfield Division. No. 94 CR 30014. Richard Mills, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Howard (Ted) Furkin appeals from numerous district court orders entered in post-judgment proceedings to enforce the collection of criminal monetary penalties. Furkin does not challenge the imposition of the penalties; rather, he generally claims that the district court denied him the right to contest the collection throughout the collection process from December 1995 through September 1997. Accordingly, he attempts to appeal from every order entered by the court in the proceedings. This court has jurisdiction to review only final district court decisions from which there has been a timely notice of appeal. Because the district court did not err in entering the final orders from which Furkin has taken a proper appeal, we affirm the decisions of the district court.
 
 
 2
 In the 1980s and early 1990s, Furkin purchased and operated gambling machines, collected the proceeds, and failed to report the income to the Internal Revenue Service. The IRS began an investigation of Furkin, and, during the course of the investigation, Furkin made false statements, encouraged others to lie about the amount of proceeds from the machines, and instructed his employees to lie to the grand jury. See United States v. Furkin, 119 F.3d 1276, 1278 (7th Cir.1997). In January of 1995, a jury convicted Furkin of conspiracy to defraud the IRS, witness tampering, obstruction of justice, and unregistered transactions in gambling devices. In a separate trial, Furkin also was convicted by a jury of possessing an unregistered sawed-off shotgun, which law enforcement officers found while searching Furkin's business.
 
 
 3
 Prior to sentencing him for these convictions, the district court ordered Furkin to explain, asset by asset, why the November 1995 presentence report showed that his net worth had dropped by over $5,000,000 to $358,000 in less than two years--a period during which he was in custody for more than a year. At sentencing, the district court found that Furkin had failed to account for approximately $3,500,000 and concluded that Furkin was hiding assets worth at least $2,000,000. The district court imposed a total of 144 months' imprisonment and ordered Furkin to pay $150,000 in fines, $181,491.66 for the costs of confinement, $2,149,338 in restitution to the IRS, and $250 in special assessments. This court affirmed the convictions and sentences on appeal. Furkin, 119 F.3d 1276.
 
 
 4
 In December 1995, the district court granted the government's motion to preserve assets. The government then sought to collect the monetary penalties by (1) executing on assets owned by Furkin; (2) garnishing rental payments made by his tenant; and (3) garnishing proceeds from the sale of business property and liquidating related assets.
 
 I. APPELLATE JURISDICTION
 
 5
 Although Furkin purports to appeal from all of the district court orders entered in the collection proceedings, this court has jurisdiction only over final decisions of the district court from which Furkin has filed a timely notice of appeal. Miller v. Artistic Cleaners, 153 F.3d 781, 783 (7th Cir.1998). "Generally, an order constitutes a final decision if it ends the litigation and leaves nothing to be decided in the district court." United States v. Ettrick Wood Products, Inc., 916 F.2d 1211, 1216 (7th Cir.1990). A turnover order meets this description and is final when entered. Laborers' Pension Fund v. Dirty Work Unlimited, Inc., 919 F.2d 491, 493 (7th Cir.1990).
 
 
 6
 The orders that Furkin seeks to appeal are final. Id. With respect to the government's motions for writs of execution, on July 3, 1997, the district court entered five final turnover orders ("Turnover Orders"). On August 4, 1997, the court ordered Furkin's tenant, Shirley Ann Farley, to pay her $800 monthly rent payments directly to the United States, rather than to Furkin ("Farley Garnishment Order"). With respect to the government's garnishment of the proceeds from the sale of the business property and the liquidation of related assets owned by Furkin and John Metz, the court entered two separate orders. On June 17, 1997, the court ordered the clerk of the court to release to the Department of Justice the funds being held in escrow from the sale of the real estate ("Metz Real Estate Order"). On September 16, 1997, the court ordered the clerk of the court to release to the Department of Justice the funds being held in escrow from the proceeds of the liquidation of Furkin's related business assets ("Metz Liquidation Order").
 
 
 7
 Nonetheless, this court's jurisdiction is limited by Furkin's failure to file a timely appeal from each order. Furkin's notice of appeal filed on September 11, 1997, is timely with respect to the Turnover Orders and the Farley Garnishment Order, but not with respect to the Metz Real Estate Order or the Metz Liquidation Order. Furkin filed a timely motion for reconsideration of the Turnover Orders on July 14, 1997. See Fed.R.Civ.P. 6(a). Therefore, Furkin's timely appeal from the district court's August 26 denial of the motion for reconsideration is sufficient to bring the underlying Turnover Orders before this court. Kunik v. Racine County, Wisconsin, 106 F.3d 168, 173 (7th Cir.1997) (citing Foman v. Davis, 371 U.S. 178, 181 (1962)). Furkin's notice of appeal also was timely filed within sixty days of the August 4 Farley Garnishment Order. Although he filed the notice of appeal prior to the September 16 Metz Liquidation Order, this court will treat the notice of appeal as filed on the date of and after the entry of the Liquidation Order. See Fed. R.App. 4(a)(2). This court, however, does not have jurisdiction over Furkin's appeal from the June 17 Metz Real Estate Order because he failed to file a notice of appeal within sixty days from the entry of the order. Fed. R.App. P. 4(a)(1).
 
 II. ANALYSIS
 
 8
 The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001-3307, provides civil procedures for the United States to use when it seeks to recover a judgment on a debt. 28 U.S.C. § 3001. Here, the government sought partially to satisfy monetary penalties imposed on Furkin in a criminal proceeding, and the collection proceedings fall within the purview of the FDCPA. 28 U.S.C. § 3002(8). The FDCPA, however, does not limit the right of the United States to collect criminal monetary penalties under any other Federal law. United States v. Vitek Supply Corp., 151 F.3d 580, 585 (7th Cir.1998) (citing 28 U.S.C. § 3003(b)). The United States may utilize a "full array of procedures" to enforce a judgment imposing fines or restitution. United States v. Lampien, 89 F.3d 1316, 1319-20 (7th Cir.1996). See also 18 U.S.C. § 3013(b); 18 U.S.C. § 3613(a), (f).
 
 
 9
 Furkin raises several challenges to the collection proceedings. He argues that the district court (1) lacked jurisdiction to collect the criminal monetary penalties while his appeal from the underlying criminal judgment was proceeding; (2) erred in denying his request for a hearing, his request for a transfer of the proceedings, and his claim for exemptions; and (3) erred in failing to send him copies of its orders and in failing to express reasons for its decisions.
 
 
 10
 First, Furkin contends that the district court lacked jurisdiction to collect the criminal monetary penalties assessed in the criminal judgment because the judgment had not been finally adjudicated. Furkin's argument is without merit because a sentence that imposes criminal monetary penalties is final upon its entry by the sentencing court, notwithstanding the fact that it can be appealed, modified, corrected, or amended. 18 U.S.C. §§ 3572(c), 3664(o). Furkin twice asked the district court to stay its judgment pending appeal, but the district court denied both motions. The district court did not abuse its discretion in finding that Furkin failed to provide a sufficient reason to stay the collection proceedings and that Furkin would not be harmed by the denial of the motion to stay. See Fed.R.Crim.P. 38(c); Sverdrup Corp. v. Edwardsville Community Unit Sch. Dist. No. 7, 125 F.3d 546, 548-49 (7th Cir.1997); Glick v. Koenig, 766 F.2d 265, 269 (7th Cir.1985). Accordingly, the district court properly permitted the government's collection efforts to proceed following the December 5, 1995, entry of the criminal judgment.
 
 
 11
 Second, Furkin argues that the district court erred by not granting him a hearing, a transfer of the proceedings to a different district, and his claims for exemptions. Upon initiating each of the three collection proceedings, counsel for the United States certified that she served Furkin with notice of the proceeding as required by 28 U.S.C. § 3202(d). The notice specified that Furkin had twenty days in which to request a hearing and a transfer of the proceedings and also stated that he had a right to claim exemptions. See 28 U.S.C. § 3202(b), (d); 28 U.S.C. § 3004(b)(2).
 
 
 12
 Furkin was not entitled to a hearing, transfer, or exemptions with respect to the Turnover Order proceedings because he failed to file timely objections to the writs of execution. In contrast, Furkin filed a proper objection to the garnishment of the sale proceeds from the Metz real estate and the liquidation of related assets; a request for hearing; a request to transfer the proceedings to Arizona; and a claim for exemptions under Arizona law. The district court, however, denied Furkin's objection and the requests, found that he was not entitled to Arizona state law exemptions, and ordered him to file a new statement regarding his claimed exemptions. Furkin subsequently filed a more detailed request for relief in January of 1997, which the district court treated as a motion for reconsideration and denied. Furkin also filed timely requests for a hearing and transfer, and his claims for exemptions with respect to the Farley Garnishment proceedings, but the court denied relief without elaboration.
 
 
 13
 The district court did not err in denying the request for a hearing because a hearing was unnecessary. A district court may enter judgment as a matter of law based on the pleadings. Fed.R.Civ.P. 12(c). A hearing under the FDCPA is limited to the determination of whether the property is subject to a valid claim of exemption, whether the government complied with the statutory requirements for the issuance of a writ, and, if the judgment was by default, whether there exists good cause for setting aside the judgment. 28 U.S.C. § 3202(d). Here, the district court found that Furkin had not filed a valid claim of exemption, and he did not challenge the government's compliance with the statutory requirements. Therefore, the district court properly entered judgment on the pleadings as a matter of law.
 
 
 14
 The district court also properly denied Furkin's request to transfer the collection proceedings brought to enforce the criminal judgment entered by that court. A sentencing court retains jurisdiction to enforce the payment of criminal monetary penalties it imposes. Lampien, 89 F.3d at 1320. Where the United States is a party, "[a] writ of execution on a judgment obtained for the use of the United States in any court thereof shall be issued from and made returnable to the court which rendered the judgment." 28 U.S.C. § 2413. Moreover, in postjudgment proceedings, it is "logical" and sound judicial administration to defer to the rendering court which is familiar with the underlying issues. In re Joint Eastern & Southern Districts Asbestos Litig., 22 F.3d 755, 763 n. 16 (7th Cir.1994).
 
 
 15
 Nor did the district court err in denying Furkin's claim for Arizona state exemptions. Regardless of which state law exemptions Furkin attempted to claim, we have held that state exemptions do not limit the government's power to enforce compliance with a restitution order. Lampien, 89 F.3d at 1319-20. When a judgment imposing fines or restitution is entered, a lien in the United States' favor arises and "may be enforced 'upon all property belonging to the person fined." ' Id. at 1320 (quoting 18 U.S.C. § 3613(a)). This court has concluded that even if state law were to exempt any of the defendant's property from execution to satisfy a restitution order, the state law would thwart the objective of the statute and would be void under the Supremacy Clause. Id. at 1321. See also Bosarge v. United States Dept. of Educ., 5 F.3d 1414, 1418-19 (11th Cir.1993).
 
 
 16
 Third, Furkin complains that he never received copies of certain district court orders and therefore was unable to timely contest the court's decisions. According to Furkin's brief, he never received the "bulk of the Orders issued by the Court prior to July, 1997." Furkin's failure to receive certain orders entered during the collection proceedings, if that is what happened, is not reversible error. At most, a party who does not receive a final order or judgment may receive an extension of time in which to appeal. Fed.R.Civ.P. 77(d); Fed. R.App. P. 4(a)(6). Furkin, however, does not contend that he failed to receive the final district court orders granting relief in each of the collection proceedings. Thus, Furkin's right to take an appeal from the final decisions of the district court was not affected by his failure to receive prior court orders, and he is not entitled to relief. Moreover, the district court docket sheet contains the same notation with respect to each district court order, many of which Furkin admits that he received. Mailing the orders to the correct address fully satisfied the court's obligation to Furkin. United States v. Payne, 741 F.2d 887, 895 (7th Cir.1984).
 
 
 17
 As a final matter, we note that Furkin also took a timely appeal from the district court's August 26, 1997, denial of his motion for relief pursuant to Federal Rule of Civil Procedure 60. In this motion, Furkin sought reconsideration of the district court orders that were denied without elaboration by the court. In his summary of his argument in his appellate brief, Furkin also asserts that the district court erred in not providing reasons for its decisions. As the government argues, Furkin failed to sufficiently develop, or cite any relevant authority in support of, this argument. See Kyle v. Morton High School, 144 F.3d 448, 458 (7th Cir.1998). This notwithstanding, Furkin's argument is without merit. A district court need provide findings of fact and conclusions of law only for judgments in a bench trial and for decisions on interlocutory injunctions. Fed.R.Civ.P. 52(a). Similarly, our Circuit Rule 50 only requires a district court to make explicit findings when the court resolves a "claim or counterclaim on the merits, terminates the litigation in its court, or enters an interlocutory order that may be appealed to the court of appeals." See Books v. Chater, 91 F.3d 972, 978 (7th Cir.1996). The district court properly set forth explicit findings of fact and conclusions of law in its final orders. The court was not required to, and therefore did not err in failing to, set forth explicit reasons for its decisions in other orders. Accordingly, the district court did not abuse its discretion in denying Furkin's motion for reconsideration.
 
 
 18
 For the foregoing reasons, we AFFIRM the decisions of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a), Cir. R. 34(f)