In the Matter of Bruce Frey
EICKHOFF, Debtor.

Bruce Frey Eickhoff, Plaintiff,

v.

Nancy Anne Eickhoff, Defendant.

Bankruptcy No. 93–20820.
Adversary No. 94–2008.

United States Bankruptcy Court,
S.D. Georgia,
Brunswick Division.

Aug. 9, 2000.

Carl V. Kirsch, Atlanta, for Plaintiff/Movant.

George M. Rountree, Brunswick, for Defendant/Respondent.

### ORDER ON MOTION FOR CONTEMPT

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

Debtor/Husband's former spouse, Nancy Anne Eickhoff, filed a Motion seeking an order holding the Debtor/Husband, Bruce Frey Eickhoff, in contempt. The Motion asserts that on June 1, 1998, a Consent Order was entered awarding attorney's fees in the amount of $20,000.00 to the wife and ordering that the Debtor Bruce Frey Eickhoff shall "pay the sum of $20,000.00 to the Defendant Nancy Anne Eickhoff." In fact the records of this Court do reveal that after extensive, protracted, and acrimonious litigation between the parties, and after this Court's finding that certain obligations of the Debtor to the ex-wife were non-dischargeable, the ex-wife brought a motion seeking an award of attorney's fees for the prosecution of that litigation. *See* Doc. 35. The amount sought was $25,287.50, plus costs of $597.19. On the eve of the trial of that issue, the parties reached a compromise agreement as to the amount of the award of attorney's fees and

other litigation costs and consented to the entry of an order executed by Carl V. Kirsch, counsel to Bruce Frey Eickhoff, and George M. Rountree, counsel to Nancy Anne Eickhoff, which held in relevant part as follows:

1.

That the defendant, Nancy Anne Eickhoff, be and she is hereby awarded the sum of $20,000.00 in attorney's fees and other litigation costs for successfully establishing the nondischargeability of the obligations in issue in this case and that the debtor/plaintiff, Bruce Frey Eickhoff, shall pay the said sum of $20,000.00 to the defendant, Nancy Anne Eickhoff ...

Judgment was entered in favor of the wife and against the Debtor on July 10, 1998, *nunc pro tunc* to June 2, 1998. *See* Doc. 41.

The Motion for Contempt alleges that although the Debtor consented, through his attorney of record, to the entry of the Order "that said Bruce Frey Eickhoff has willfully and in civil contempt of this Court failed to comply with said Order and, indeed, he has made no attempt whatsoever to pay any amount of the sum of money the Order required him to pay." Motion at 2. The Debtor's response raises the issue of whether contempt is a remedy which, as a matter of law, can be employed in order to enforce the terms of the previous Consent Order. Debtor contends that the judgment at the heart of the Motion for Contempt is nothing more or less than a consent judgment for money damages for breach of contract, namely the parties' domestic relations settlement agreement. Debtor further contends that because the judgment is only for money and does not compel the Debtor to do anything other than pay, the remedy of contempt is not available based on applicable authority, *citing Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970 (11th Cir.1986) and other cases. Debtor also relies on F.R.C.P. 69(a) which

provides that process to enforce a judgment for the payment of money shall be by writ of execution unless the court "otherwise directs" and finally argues that the otherwise directs clause is read narrowly citing 7 J. Moore, *Moore's Federal Practice* 69.02[2] (2nd Ed.1996)("[A] federal court should not ... enforce a money judgment by contempt or methods other than a writ of execution, except in cases where established principles so warrant.").

The wife contends that there is an exception from this limitation under Rule 69(a) in cases in which equitable relief is warranted, such as when execution would be an inadequate remedy. The wife contends that the Debtor has no assets titled in his name which could be reached by writ of execution, that his pension benefits are protected from garnishment, attachment, and other collection procedures by 29 U.S.C. § 1056(d), and therefore the Court in its discretion should "otherwise direct" and hold the debtor in contempt. Moreover, the wife contends that the Order was not a mere money judgment as characterized by the Debtor, but expressly commanded Mr. Eickhoff to pay the $20,000.00 to the Defendant and thus is more analogous to an order of turnover. *Citing Laborers' Pension Fund v. Dirty Work Unlimited, Inc.*, 919 F.2d 491 (7th Cir.1990); and *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949).

Thus, while conceding that, as a general rule, Georgia law does not permit enforcement of a money judgment by contempt, wife contends that this action, for the turnover of a specific, negotiated, reduced sum of money, negotiated in exchange for avoidance of the trial of the case where wife's counsel sought a larger sum of money, falls within the exception, and that contempt is appropriate as a remedy. *Warehouse Carpet Sales & Service v. S.C.J. Associates, Inc.*, 317 S.E.2d 328, 170 Ga.App. 352 (1984).[1] Wife's counsel fur-

---

**1.** *Warehouse Carpet,* however, allowed the use

of contempt finding that the order to make

ther contends that because Mr. Eickhoff has engaged in an intentional pattern of activity to insure that he has no assets titled in his name, that the proceeds of his retirement fund are never deposited into a bank account in his own name, and that he, as a result, is keeping all of his assets beyond the reach of his ex-wife, the remedy of contempt is available.

This matter was presented to the Court to rule on this narrow issue of law in order to avoid an evidentiary hearing if, in fact, the Debtor's contentions are correct. It is thus analogous to a motion for summary judgment wherein the parties have agreed that the Court should determine whether there is a genuine issue of material fact for trial or whether judgment can be rendered as a matter of law, finding the contempt remedy unavailable.

### CONCLUSIONS OF LAW

[1] It is true that Rule 69 severely limits the right of the Court to employ the contempt power for the collection of a money judgment and that the *Combs* decision reinforces that provision. *Combs v. Ryan's Coal Company, Inc.*, 785 F.2d 970 (11th Cir.1986)(holding an order entered requiring a non-contingent, non-conditional amount of money owed by the appellant to be a money judgment, enforcement of which should be had by a writ of execution, not a finding of contempt). The wife's counsel relies on *Laborers' Pension Fund*, where the Seventh Circuit upheld the holding of contempt as not being an abuse of discretion, for the turnover of $12,041.00 which represented trust fund contributions to a labor union's pension fund, which were acknowledged to be owed but not remitted. *Laborers' Pension Fund v. Dirty Work Unlimited, Incorporated*, 919 F.2d 491 (7th Cir.1990). The Seventh Circuit, however, focused on Illinois case and statutory law which allows for the court to "compel

any person cited *other than the judgment debtor,* to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement." *Laborers' Pension Fund v. Dirty Work Unlimited, Incorporated,* 919 F.2d 491, 494 (7th Cir.1990)(emphasis added). Based on this statute the court stated that contempt for violation of a turnover order is proper. *Id.* Georgia case and statutory law contain no provisions similar to the Illinois statute.

The wife also relies on *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949) which was cited in the case of *Pierce v. Vision Investments, Inc.,* 779 F.2d 302 (5th Cir.1986). *Pierce* and *McComb*, however, only approve of the contempt remedy in cases where the money judgment is intertwined with injunctive relief rendered in the public interest, such as a violation of the Interstate Land Sales Full Disclosure Act in the *Pierce* case, and wage and hour provisions in *McComb*, as opposed to purely private interests as found in the present case.

Rule 69 incorporates practice and procedure of the state court except to the extent there is a specific federal statute. *See Robbins v. Labor Transportation Corp.,* 599 F.Supp. 705 (N.D.Ill.1984). Reviewing controlling Georgia authority, I find no avenue for employing the contempt remedy in this case. *See McKenna v. Gray,* 438 S.E.2d 901, 263 Ga. 753 (Ga.1994)(holding that a consent judgment is analogous to a money judgment, and that to enforce a judgment for the payment of money contempt is not an available remedy).

timely payments on outstanding notes was interlocutory in nature. As the consent order was interlocutory and therefore not subject to execution, the trial court had the power to utilize contempt proceedings to compel obedi-

ence to its order. This case is distinguishable from the case at bar, however, because the consent order entered into between the parties in this matter is final and not interlocutory.

In light of allegations that, on advice of counsel, Mr. Eickhoff has intentionally transferred assets out of his name and has set up his monthly retirement income to circumvent any bank account in his name, it seems egregious that he could not be held in contempt for failing to take the steps necessary to make provisions for this payment in light of the fact that it was a consent order for a reduced amount and because of the language which contained the affirmative order to pay the sum of $20,000.00 to the ex-wife. Nevertheless, the exception of Rule 69 is so narrowly construed, that the matter calls for a very cautious approach if an exception is to be found. The only Georgia exception which might apply in this case is the provision relating to enforcement of domestic relations awards. The Official Code of Georgia provides for contempt in the award of attorney's fees in domestic relations cases. O.C.G.A. § 19–6–2 states in relevant part:

(a) The grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights, shall be:

(1) Within the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party; and

(2) A final judgment as to the amount granted, whether the grant is in full or on account, which may be enforced by attachment for contempt of court or by writ of fieri facias, whether the parties subsequently reconcile or not.

■ Consent judgments, including those for alimony, have been uniformly recognized in Georgia as having the same force and effect as judgments rendered in due course of litigation upon findings by a jury. *Estes v. Estes*, 14 S.E.2d 681, 192 Ga. 94 (Ga.1941). A valid judgment for alimony may be enforced by attachment for contempt as well as by the usual process of execution. *Id.* Inability to pay a judgment awarded for permanent alimony, however, should not result in a holding of contempt. *Heflinger v. Heflinger*, 159 S.E. 242, 172 Ga. 889, 891 (Ga.1931). *See Apple v. Apple*, 367 S.E.2d 109, 186 Ga. App. 325 (Ct.App.1988).

■ In the present case, the underlying proceeding upon which the contempt charges are being brought is a Settlement Agreement entered into by the parties on August 5, 1985, settling all divisions of marital property, child support, alimony, custody, visitation, and child support. This Settlement Agreement was the subject of a dischargeability proceeding in which this court held that the obligations owed by Mr. Eickhoff to Mrs. Eickhoff were non-dischargeable in Mr. Eickhoff's bankruptcy case and awarded attorney's fees to Mrs. Eickhoff pursuant to the terms of the settlement agreement at issue. The attorney's fees at issue in this case result from a consent agreement entered into between the parties on June 1, 1998, awarding Mrs. Eickhoff the amount of $20,000.00.

Although that consent judgment arose out of the domestic relations litigation which resulted in a determination that the debt owed Ms. Eickhoff was non-dischargeable I hold, reluctantly, that enforcement by contempt is not available to her as a matter of law. While the Georgia statute on its face makes contempt an available remedy the Supreme Court of this state, during the long years of litigation, held this obligation to be an ordinary contractual obligation since the settlement was never incorporated into the parties' divorce decree in Pennsylvania. *Eickhoff v. Eickhoff*, 435 S.E.2d 914, 263 Ga. 498 (Ga.1993), *overruled by Lee v. Green Land Company, Inc.*, 527 S.E.2d 204, 272 Ga. 107 (Ga.2000)(stating that the Supreme

Court does not have jurisdiction to hear cases in which equitable relief is "merely ancillary to underlying issues of law."). While the jurisdictional holding in *Eickhoff* was recently overruled it does not alter the substantive conclusion of the Georgia Supreme Court, which upon close examination of the facts in *Eickhoff,* found that the settlement agreement was contractual rather than domestic in nature. Because Rule 69 requires this Court to look to state law for guidance as to the availability of the contempt remedy I hold that the Supreme Court ruling removes the debt and the associated attorney's fees from the ambit of O.C.G.A. § 19–6–2.

Federal bankruptcy law trumps the state law determination whether, substantively, the debt is "actually in the nature of support," as I held in this Court's original Eickhoff decision. *Eickhoff v. Eickhoff (In re Eickhoff),* Ch. 7 Case No. 93–20820, Adv. No. 94–2008 (Bankr.S.D.Ga. Sept. 30, 1994). But that does not enlarge the scope of the procedural remedy available when the Georgia Supreme Court has expressly held the debt to be a mere contractual obligation.

I therefore hold that, as a matter of law, enforcement of this obligation by contempt is not available and the Motion for Contempt is denied.